OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction after a plea of no contest and sentencing under R.C. § 4511.19(A)(1) subsequent to a denial of a motion to suppress appellant's arrest and the field sobriety tests and an appeal of his ALS.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 10, 2003 appellant was observed by Trooper R.B. Streicher of the State Highway Patrol operating his vehicle at 47 mph in a 35 mph zone. Upon stopping appellant's vehicle, Trooper Streicher noticed a strong odor of alcohol emanating from Appellant along with Appellant's bloodshot and glassy eyes. (T. at 6). Upon inquiry, Appellant admitting to consuming four beers that evening. (T. at 7).
 {¶ 3} Trooper Streicher next administered a Horizontal Gaze Nystagmus test (HGN), a walk and turn test and one-leg stand test to Appellant. Appellant did not raise his foot six inches as requested for the one leg stand test (T. at 10) and three clues were present on the walk and turn test. (T. at 11). All six clues were found with regard to the HGN test. (T. at 9). After these tests, appellant administered a portable breath test.
 {¶ 4} These events were captured on video by Trooper Streicher.
 {¶ 5} Appellant was arrested and charged with a OMVI, in violation of R.C. § 4511.19(A)(1) and (3).
 {¶ 6} Appellant was placed under an Administrative License Suspension at the time of his arrest.
 {¶ 7} Appellant filed an appeal to the Administrative License Suspension and a Motion to Suppress Evidence.
 {¶ 8} The two matters were heard together at an oral hearing on October 22, 2003. At said hearing, Trooper Streicher testified and the video from that evening was played. During the video, Trooper Streicher is heard to say to Appellant that his performance on the one-leg stand test and the walk and turn test was decent.
 {¶ 9} At the conclusion of the hearing, the trial court held that the HGN test was not administered in compliance with the National Highway Traffic Safety Administration Manual and granted Appellant's motion to suppress as to such test. In all other respects, Appellant's motion to suppress was overruled.
 {¶ 10} Appellant thereafter, on November 25, 2003, changed his former plea and entered a no-contest plea to the R.C. § 4511.19(A)(3) charge (prohibited breath concentration) and was sentenced. The R.C. §4511.19(A)(1) charge (driving while impaired) was dismissed. The Judgment Entry of Sentence formally overruled Appellant's Administrative License Suspension appeal.
 {¶ 11} Appellant now appeals his conviction and the denial of his Administrative License Suspension, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 12} "I. Trial court erred in finding that there was probable cause to arrest defendant for omvi and in denying appellant's motion to suppress evidence.
 {¶ 13} "II. The trial court erred in finding that there was reasonable grounds to arrest the defendant for omvi and in denying appellant's administrative license suspension appeal."
 I. {¶ 14} Appellant argues that the trial court erred in denying his motion to suppress and in finding that Trooper Streicher had probable cause to arrest appellant. We disagree.
 {¶ 15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, Statev. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, andState v. Guysinger (1993), 86 Ohio App.3d 592, 594. In this case, Appellant is contending that the trial court incorrectly decided the ultimate issue.
 {¶ 16} Appellant argues that because the trial court rejected the HGN test as not being strictly performed in accordance with State v. Homan
(2000), 89 Ohio St.3d 421, there was no other indicia of alcohol impairment to support probable cause for the arrest. Appellant, relying on State v. Finch (1985), 24 Ohio App.3d 38, 492 N.E.2d 1254, et al., further argues that the common indicia of intoxication, i.e. bloodshot eyes, slurred speech, and/or an odor of alcoholic beverage, are insufficient by themselves to demonstrate probable cause for an OMVI arrest.
 {¶ 17} In support of his argument Appellant cites us to Trooper Streicher's testimony at the suppression hearing wherein, Trooper Streicher, upon being asked on cross-examination "[h]ad you not had the horizontal gaze nystagmus results, would you have arrested Mr. Kirk?" replied "[i] can't answer that. I'm not there again tonight so I can't answer that now." (T. at 18-19).
 {¶ 18} We have previously recited that a police officer does not have to observe poor driving performance in order to effect an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the driver was impaired. See, e.g., State v.Harrop (July 2, 2001), Muskingum App. No. CT2000-0026, 2001 WL 815538, citing Atwell v. State (1973), 35 Ohio App.2d 221, 301 N.E.2d 709.
 {¶ 19} An officer has probable cause for an arrest if the facts and circumstances within his knowledge are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. e.g. State v. Heston (1972), 29 Ohio St.2d 152, cert. denied,409 U.S. 1038.
 {¶ 20} The legal standard for determining whether the police had probable cause to arrest an individual for DUI is whether, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." Homan, supra, at 427, 732 N.E.2d 952; Beck v. Ohio (1964),379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142. "The arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol." Lloyd, supra, 126 Ohio App.3d at 104,709 N.E.2d 913. In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. See State v. Miller (1997), 117 Ohio App.3d 750, 761, 691 N.E.2d 703;State v. Brandenburg (1987), 41 Ohio App.3d 109, 111, 534 N.E.2d 906.
 {¶ 21} Furthermore, when evaluating probable cause to arrest for DUI, "[t]he totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered". Homan, supra, 89 Ohio St.3d at 427, 732 N.E.2d 952. The caselaw is in agreement that probable cause to arrest may exist, even without field sobriety tests results, if supported by such factors as: evidence that the defendant caused an automobile accident; a strong odor of alcohol emanating from the defendant; an admission by the defendant that he or she was recently drinking alcohol; and other indicia of intoxication, such as red eyes, slurred speech, and difficulty walking.Oregon v. Szakovits (1972), 32 Ohio St.2d 271, 61 O.O.2d 496, 291 N.E.2d 742; Fairfield v. Regner (1985), 23 Ohio App.3d 79, 84, 23 OBR 144, 491 N.E.2d 333; State v. Bernard (1985), 20 Ohio App.3d 375,376, 20 OBR 338, 485 N.E.2d 783; Westlake v. Vilfroy (1983),11 Ohio App.3d 26, 27, 11 OBR 39, 462 N.E.2d 1241.
 {¶ 22} As stated above, upon approaching appellant, the trooper noticed a strong odor of alcohol and that Appellant had bloodshot, glassy eyes (T. at 6). Appellant also admitted to having consumed four beers. (T. at 7).
 {¶ 23} We find, under the circumstances presented, that Trooper Streicher had sufficient operable facts to substantiate the arrest for driving under the influence.
 {¶ 24} Appellant's first Assignment of Error is overruled.
 II. {¶ 25} In his second assignment of error, Appellant claims that he trial court erred when it denied appellant's appeal of his administrative license suspension. We disagree.
 {¶ 26} As stated by Appellant in his brief, "the issue of whether reasonable grounds to believe a person has operated under the influence of alcohol and/or drugs is analogous to the issue of probable cause to justify an arrest." Stockhauser v. Bureau of Motor Vehicles (May 21, 1990) Montgomery County App. No. 11781.
 {¶ 27} Based on our disposition of the first assignment of error, we find that the trial court did not err in finding that Trooper Streicher had reasonable grounds support the arrest for OMVI.
 {¶ 28} Appellant's second assignment of error is overruled.
 {¶ 29} The decision of the Mount Vernon Municipal Court is affirmed.
Boggins, J., Gwin, P.J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed. Costs assessed to appellant.