OPINION
{¶ 1} Appellant, Gary P. Duncan, appeals from a judgment entry of the Lake County Court of Common Pleas, denying his motion to suppress. For the reasons that follow, we affirm.
 {¶ 2} On August 12, 2003, appellant was arrested for operating a vehicle while intoxicated ("OVI"), pursuant to R.C.4511.19(A)(1). The Lake County Grand Jury indicted appellant on one count of OVI, in violation of R.C. 4511.19(A)(1), a fourth degree felony. Appellant waived his right to appear at his arraignment, and the trial court entered a plea of not guilty on his behalf.
 {¶ 3} Appellant moved the court to suppress evidence from his OVI arrest. Specifically, appellant's motion to suppress requested that the court preclude the state from introducing the results of field sobriety tests which were conducted prior to his arrest. Appellant argued that the police officer conducting the field sobriety tests failed to administer the tests in strict compliance with standardized procedures.
 {¶ 4} Prior to a hearing on the motion to suppress, appellant conceded that substantial compliance — rather than strict compliance — was the proper standard. During the hearing, Patrolman Gregory Spakes ("Patrolman Spakes"), of the Willowick Police Department, was the sole witness to testify.
 {¶ 5} Patrolman Spakes first testified to his training and certification with respect to administering field sobriety tests. He then testified that on August 12, 2003, he responded to a traffic accident at the intersection of East 305th Street and Barjode Road, in Lake County, Ohio. When Patrolman Spakes approached the scene, appellant was sitting next to his bike on the side of the road. It was determined that appellant had been attempting to ride his bike along the side of the road when he swerved into the side of a passing vehicle. Appellant informed Patrolman Spakes that he did not require medical attention and he waived it.
 {¶ 6} Patrolman Spakes also made the following observations: (1) appellant staggered as he walked; (2) appellant omitted a strong odor of alcohol; (3) appellant's eye's were bloodshot and glassy; and (4) appellant's speech was slurred. Patrolman Spakes asked appellant whether he had been drinking alcohol. Appellant stated that he had consumed "two beers."
 {¶ 7} Patrolman Spakes testified that appellant consented to taking field sobriety tests. His testimony provided a detailed description of the tests, his observations during the tests, and the results of the tests. First, Patrolman Spakes administered a horizontal gaze nystagmus test and the walk-and-turn test. Appellant failed both of these tests. Next, Patrolman Spakes attempted to conduct the one-legged-stand test, but appellant failed to complete the test and refused to continue with any further testing.
 {¶ 8} Following the hearing, the court issued a judgment entry denying appellant's motion to suppress. Thereafter, appellant entered a plea of no contest, and the court found him guilty of OVI.
 {¶ 9} From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 10} "The trial court erred to the prejudice of defendant-appellant by failing to grant his motion to suppress in violation of his rights to due process of law and to be free from unreasonable search and seizure pursuant to the fourth, fifth, and fourteenth amendments to the United States Constitution and Sections 10, 14, and 16, Article I of the Ohio Constitution."
 {¶ 11} We first note that appellant's plea of no contest does not act to waive his assigned error regarding his motion to suppress. Unlike a plea of guilty, a plea of no contest does not preclude a defendant from asserting on appeal that the trial court erred in ruling on a motion to suppress. Crim.R. 12(I).
 {¶ 12} Under his sole assignment of error, appellant first maintains that the state failed to present sufficient evidence to demonstrate Patrolman Spakes' substantial compliance with National Highway Traffic and Safety Administration ("NHTSA") standards while administering the field sobriety tests. Thus, appellant concludes that the results of the field sobriety tests should have been suppressed.
 {¶ 13} At a hearing on a motion to suppress, the trial court functions as the trier of fact. Accordingly, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v.Mills (1992), 62 Ohio St.3d 357, 366; State v. Smith (1991),61 Ohio St.3d 284, 288.
 {¶ 14} On review, an appellate court must accept the trial court's findings of fact if they are supported by competent and credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592. After accepting the factual findings as true, the reviewing court must independently determine, as a matter of law, whether the applicable legal standard has been met. Id. at 592. See, also, State v. Swank (Mar. 22, 2002), 11th Dist. No. 2001-L-054, 2002-Ohio-1337.
 {¶ 15} Pursuant to R.C. 4511.19(D)(4)(b), the testimony of a police officer concerning the results of field sobriety tests, and evidence of these results, are admissible when "it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests * * * including, but not limited to, any testing standards * * * set by the [NHTSA]."[1]
 {¶ 16} Appellant's argument on appeal is correct. Appellant's motion to suppress states: "the grounds for this request is that the officer did not adhere to standardized guidelines for administering field sobriety tests." On appeal, appellant argues that the state failed to provide the trial court with sufficient evidence of substantial compliance; i.e., what standardized guidelines were used, and whether they were substantially complied with.
 {¶ 17} A motion to suppress must state its legal and factual bases with sufficient particularity to notify the prosecutor and the court of the issues to be decided. Crim.R. 47; State v.Shindler, 70 Ohio St.3d 54, 1994-Ohio-452. See, also, State v.Dwyer, 11th Dist. No. 2001-L-075, 2002-Ohio-710. In OVI cases, if a motion to suppress adequately raises an issue involving the applicable standard or regulation, it is the state's burden to demonstrate substantial compliance with the standard or regulation at issue. State v. Plummer (1986),22 Ohio St.3d 292, 294. See, also, State v. Nicholson, 12th Dist. No. CA2003-10-106, 2004-Ohio-6666, at ¶ 9.
 {¶ 18} The state in this matter, having the burden of substantial compliance, was placed on notice that they needed to introduce standardized guidelines, NHTSA being the most common, and that they substantially complied with those guidelines in order to establish the prima facie case of probable cause.
 {¶ 19} Upon meeting that burden, appellant would be able to rebut and cross-examine the officer in regard to his testimony and his non-compliance.
 {¶ 20} During the hearing, Patrolman Spakes provided extensive testimony regarding his training and certification to administer field sobriety tests per NHTSA standards. He also provided detailed testimony with respect to the standardized procedures of the horizontal gaze nystagmus test, walk-and-turn test, and one-legged-stand test. In addition, Patrolman Spakes testified as to his observations during these tests. Based upon these observations, Patrolman Spakes determined that appellant failed all three of the field sobriety tests.
 {¶ 21} The state did not submit a copy of the written NHTSA standards nor did they lay a proper foundation for Patrolman Spakes' familiarity with and his substantial compliance with NHTSA or any other guideline. Patrolman Spakes' detailed testimony in regard to his training was very thorough and experienced, but he did not testify as to what guidelines or standards he was using or was required to use. Thus, the state failed to establish substantial compliance. R.C.4511.19(D)(4)(b).
 {¶ 22} Appellant further contends that his injuries, which were caused by the accident, affected the reliability of the field sobriety test results. Accordingly, appellant argues that Patrolman Spakes did not have the requisite probable cause to arrest him, and any evidence arising from his unlawful arrest should have been suppressed.
 {¶ 23} In determining if a police officer had probable cause to arrest an individual for driving under the influence, a court must consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89, 91; State v.Homan (2000), 89 Ohio St.3d 421, 427. To make this determination, a court must examine the totality of facts and circumstances surrounding the arrest. Homan at 427.
 {¶ 24} In this case, when Patrolman Spakes asked appellant whether he was injured and needed medical attention, appellant answered in the negative. Also, appellant signed a medical waiver form, stating that he did not require medical attention. Appellant failed to inform Patrolman Spakes that he would be unable to perform the field sobriety tests due to injuries. Appellant's argument as to his injuries are not relevant to the issue that the state did not introduce the applicable standards in regard to field sobriety test guidelines. The officer responded to a 9-1-1 call and found appellant staggering and refusing medical attention. He had a strong odor of alcohol and his eyes were bloodshot and glassy and his speech was slurred. The officer then spoke with the driver of the automobile who said that "as she attempted to pass Mr. Duncan on his bicycle by driving around him, he fell off the bicycle into the side of her car." The appellant then admitted to drinking "two beers."
 {¶ 25} Even if the results of field sobriety tests were suppressed by the trial court, the state did meet its burden of probable cause based upon the other objective facts observed and testified to by the officer. See, e.g., State v. Hynde, 11th Dist. No. 2004-P-0030, 2005-Ohio-1416, at ¶ 11. See, also, Statev. Miracle, 12th Dist. No. CA2001-07-169, 2002-Ohio-4480, at ¶¶ 28-29.
 {¶ 26} The totality of the circumstances establish that it was reasonable for Patrolman Spakes to conclude that appellant was driving under the influence and these circumstances provided the requisite probable cause. Accordingly, the state's failure to introduce the standard and prove substantial compliance was harmless error. The surrounding circumstances of the stop provide adequate probable cause for the arrest.
 {¶ 27} Based upon the foregoing, appellant's sole assignment of error is without merit. Specifically, the court erred by failing to suppress the results of the field sobriety tests, but we find this error harmless as the remaining evidence precipitated proper cause for arrest as all other testimony of the officer's independent observations were properly allowed. The judgment of the trial court is affirmed.
O'Neill, J., concurs, Grendell, J., concurs in part and dissents in part with Concurring/Dissenting Opinion.
[1] Appellant's assignment of error cites to a Licking County Municipal Court decision which found R.C. 4511.19(D)(4)(b) to be unconstitutional. However, as conceded by appellant, he failed to challenge the constitutionality of the statute at the trial court level. Thus, appellant has waived the issue of the statute's constitutionality on appeal. State v. Awan (1986),22 Ohio St.3d 120, syllabus.