OPINION
{¶ 1} Wayne L. Mook appeals from the judgment of the Warren Municipal Court, denying his motion to suppress relative to a case for driving under the influence. We affirm.
 {¶ 2} March 14, 2004, shortly before 2:00 a.m., Officer Jeff White of the Champion Township Police Department spotted a black Beretta being driven north on North Park Avenue. The Beretta was drifting side to side in its lane of travel, and the brake lights popped off and on. Moving his patrol car closer, Officer White noticed that the Beretta lacked any rear license plate illumination, a violation of R.C. 4513.05. Near the intersection of North Park and Route 305, the Beretta's right turn signal came on, as the its driver side tires drifted one to two feet left of centerline. Officer White then stopped the vehicle, suspecting its driver to be under the influence.
 {¶ 3} Officer White observed that the driver, Mr. Mook, had red, glassy eyes, and that the Beretta exuded a moderate odor of alcohol. However, Mr. Mook responded appropriately (if slowly) to questioning. Mr. Mook admitted to drinking several beers. He evidently had no trouble producing his driver's license.
 {¶ 4} Officer White proceeded to administer field sobriety tests, including the Horizontal Gaze Nystagmus, the walk and turn, the one leg stand, and the finger to nose touch. The first three tests are recognized and are to be administered in compliance with the National Highway Traffic Safety ("NHTSA") manual. Mr. Mook did poorly on all of the tests, upon which he was arrested. He read .16 BAC on the breathalyzer test conducted thereafter. Mr. Mook was charged with driving under the influence, in violation of R.C. 4511.19(A)(1) and (A)(3), and a marked lanes violation, R.C. 4511.25.
 {¶ 5} March 18, 2004, Mr. Mook pled not guilty to all charges. At an April 29, 2004 pretrial, Mr. Mook moved orally to suppress and/or dismiss. April 30, 2004, he filed a written motion to suppress, alleging, in pertinent part, lack of probable cause. August 2, 2004, hearing on the motion was held. The sole witness was Officer White. His testimony established he had failed to administer the Horizontal Gaze Nystagmus correctly. Officer White further admitted that the finger to nose test is not approved by the NHTSA. No copy of the NHTSA manual under which Officer White had been trained, or was operating at the time of Mr. Mook's arrest, was introduced into evidence. No evidence was adduced regarding the NHTSA guidelines for administering the relevant tests, or that Officer White administered them in the standardized manner required by the NHTSA. Officer White did not affirm that he performed the field tests in substantial compliance with the NHTSA manual's procedures.
 {¶ 6} August 23, 2004, Mr. Mook filed a supplemental memorandum in support of his motion to suppress, arguing that Officer White had failed to properly administer the field sobriety tests, without which there was no probable cause to arrest. Mr. Mook relied heavily on the opinion of the Fifth Appellate District in State v. Ryan, 5th Dist. No. 02-CA-00095, 2003-Ohio-2803, for the proposition that failure by the state to affirm that field sobriety tests have been administered in accordance with NHTSA standards requires the suppression of the results. Id., at ¶ 18-21.
 {¶ 7} October 22, 2004, the trial court issued a judgment entry, denying Mr. Mook's motion to suppress. The court refused to adopt the holding in Ryan, that the state must affirmatively show substantial compliance with NHTSA standards when administering field sobriety tests.[1] The trial court suppressed the results of the Horizontal Gaze Nystagmus performed by Officer White, as being improperly conducted. It accepted the results of the other field sobriety tests as being conducted in substantial compliance with NHTSA guidelines. The court further noted Officer White's observations that Mr. Mook had red, glassy eyes and smelled of alcohol. Under the totality of the circumstances, the trial court found probable cause to arrest Mr. Mook for driving under the influence.
 {¶ 8} November 15, 2004, Mr. Mook waived jury trial, and pled no contest to one charge of driving under the influence, R.C.4511.19(A)(1), the other charges being dismissed. A timely appeal was noticed December 9, 2004. February 7, 2005, Mr. Mook was sentenced to 360 days in jail, 330 suspended, a $550 fine, and court costs. February 10, 2005, he moved to substitute an amended "journal entry" from that of November 15, 2004, as the latter order containing a technical defect rendering it not final and appealable. April 11, 2005, this court dismissed the appeal, sua sponte, for failure to prosecute. Mr. Mook filed for leave to reinstate the appeal April 14, 2005, leave being granted June 27, 2005.
 {¶ 9} Mr. Mook sets forth two assignments of error:
 {¶ 10} "[1.] The trial court erred in finding that standard field sobriety tests were conducted in substantial compliance with NHTSA standards.
 {¶ 11} "[2.] The trial court erred in finding probable cause for Defendant-Appellant's DUI arrest."
 {¶ 12} At a hearing on a motion to suppress, the trial court functions as the trier of fact. Accordingly, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v.Mills (1992), 62 Ohio St.3d 357, 366; State v. Smith (1991),61 Ohio St.3d 284, 288.
 {¶ 13} On review, an appellate court must accept the trial court's findings of fact if they are supported by some competent and credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592. After accepting the factual findings as true, the reviewing court must then independently determine, as a matter of law, whether the applicable legal standard has been met. Id. at 592; see, also, State v. Swank, 11th Dist. No. 2001-L-054, 2002-Ohio-1337, 2002 Ohio App. LEXIS 1345, at 7-8.
 {¶ 14} By his first assignment of error, Mr. Mook challenges the trial court's determination that the field sobriety tests conducted by Officer White, apart form the Horizontal Gaze Nystagmus, were conducted in substantial compliance with NHTSA standards. As noted above, the trial court rejected the holding of the Fifth Appellate District in Ryan, that the state must lay a foundation, whether by introduction of the NHTSA manual, by some other evidence, or by conclusory affirmation of the arresting officer, that field sobriety tests were administered in substantial compliance with those standards.
 {¶ 15} This was error, as a matter of law. This court, similar to the Fifth (and Sixth) Appellate Districts, requires the state to introduce some evidence that field sobriety tests were conducted in compliance with NHTSA standards. State v.Brown, 11th Dist. No. 2004-T-0123, 2006-Ohio-1172, at ¶ 25; see, also, State v. Duncan, 11th Dist. No. 2004-L-065,2005-Ohio-7061, at ¶ 17-21. The state failed to do so in this case, and the results of the tests conducted by Officer White should have been suppressed, entirely. Brown at ¶ 25.
 {¶ 16} The first assignment of error has merit.
 {¶ 17} By his second assignment of error, Mr. Mook challenges whether Officer White had probable cause to arrest him for driving under the influence, absent the field sobriety test results.
 {¶ 18} "In determining if a police officer had probable cause to arrest an individual for driving under the influence, a court must consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. * * * To make this determination, a court must examine the totality of facts and circumstances surrounding the arrest."Duncan at ¶ 23. (Internal citations omitted.)
 {¶ 19} Even in the absence of field sobriety test results, a police officer may have probable cause to affect an arrest for driving under the influence, based on other objectives factors observed. Duncan at ¶ 24-26; cf. State v. Kirk, 5th Dist. No. 03CA000042, 2004-Ohio-3176, at ¶ 21. In this case, Officer White observed Mr. Mook driving erratically, swerving in his lane of travel (and crossing the centerline once), while periodically hitting his brakes for no apparent reason. The time was almost 2:00 a.m. Mr. Mook's eyes were bloodshot and glassy, and he admitted to drinking several beers. His car emitted a "moderate" odor of alcohol. While able to respond to Officer White's questions without slurring, Mr. Mook's speech was slow.
 {¶ 20} Under the totality of the circumstances, we conclude it was reasonable for Officer White to believe Mr. Mook was driving while impaired, and that these circumstances provided the probable cause requisite for Mr. Mook's arrest. Duncan at ¶ 24-26.
 {¶ 21} The second assignment of error lacks merit.
 {¶ 22} The field sobriety tests conducted by Officer White should have been suppressed. Nevertheless, under the totality of the circumstances, Officer White had probable cause to arrest Mr. Mook for driving under the influence. The judgment of the Warren Municipal Court is affirmed.
Ford, P.J., Grendell, J., concur.
[1] At the time the Fifth District issued its opinion inRyan, Ohio law required strict compliance with NHTSA standards. Subsequent enactment by the General Assembly has reduced the standard to "substantial" compliance.