{¶ 32} I respectfully dissent.
 {¶ 33} With respect to appellant's first assignment of error, the majority contends that the trial court did not err by failing to grant his motion to suppress. I disagree.
 {¶ 34} Regarding appellant's first issue under his first assignment of error, I agree with appellant that the trial court erred in overruling his motion to suppress the HGN test. *Page 10 
 {¶ 35} This court stated in State v. Jones, 11th Dist. No. 2001-A-0041, 2002-Ohio-6569, at ¶ 16:
 {¶ 36} "[a]t a hearing on a motion to suppress, the trial court assumes the role of the trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366 * * *. When reviewing a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594
* * *. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. State v. Curry (1994), 95 Ohio App.3d 93, 96 * * *." (Parallel citations omitted.)
 {¶ 37} This court recently stated the following in State v.Djisheff, 11th Dist. No. 2005-T-0001, 2006-Ohio-6201, at ¶ 20-21:
 {¶ 38} "[i]n State v. Homan (2000), 89 Ohio St.3d 421 * * *, the Supreme Court of Ohio held that field sobriety tests must be conducted in strict compliance with the [National Highway Traffic Safety Administration] NHTSA standards. The Homan holding was subsequently superseded by statute. Following the Homan decision, the General Assembly amended R.C. 4511.19. Amended R.C. 4511.19, effective April 9, 2003, no longer requires an arresting officer to administer field sobriety tests in strict compliance with testing standards for the test results to be admissible. Rather, substantial compliance is required. State v.Delarosa, 11th Dist. No. 2003-P-0129, *Page 11 2005-Ohio-3399, at ¶ 45, fn. 4; State v. Boczar, 11th Dist. No. 2004-A-0063, 2005-Ohio-6910, at ¶ 31-36.[2]
 {¶ 39} "The state has the burden to demonstrate that the field sobriety tests were conducted in substantial compliance with the NHTSA standards. See State v. Brown, 166 Ohio App.3d 638, 2006-Ohio-1172, at ¶ 25 * * *. See, also, State v. Gasser (1980), 5 Ohio App.3d 217, 219 * * *. Part of this burden includes demonstrating what the NHTSA requirements are, through competent testimony and/or introducing the applicable portions of the NHTSA manual. Brown, supra, at ¶ 19-25, citing State v.Nickelson (July 20, 2001), 6th Dist. No. H-00-036, 2001 Ohio App. LEXIS 3261, at 10 and State v. Ryan, 5th Dist. No. 02-CA-00095, 2003-Ohio-2803, at ¶ 20-21. See, also, State v. Duncan, 11th Dist. No. 2004-L-065, 2005-Ohio-7061, at ¶ 18-20."
 {¶ 40} In the case at bar, the HGN test is recognized and is to be administered in substantial compliance with the NHTSA manual. The record reveals that no copy of the NHTSA manual was introduced into evidence. Also, no evidence was adduced regarding the NHTSA guidelines for administering the HGN test, or that Officer Lako administered it in the standardized manner required by the NHTSA. Officer Lako did not affirm that he performed the HGN test in substantial compliance with the NHTSA manual's procedure.
 {¶ 41} Thus, although appellee introduced testimony of Officer Lako as to which test was conducted and how it was administered, appellee failed to produce any *Page 12 
evidence to prove that the test was conducted in a standardized manner as provided by the NHTSA, and did not admit the manual. As such, the results of the test conducted by Officer Lako should have been suppressed. State v. Brown, 166 Ohio App.3d 638, 2006-Ohio-1172, at ¶ 25; State v. Mook, 11th Dist. No. 2004-T-0148, 2006-Ohio-4947, at ¶ 15; State v. Duncan, 11th Dist. No. 2004-L-065, 2005-Ohio-7061, at ¶ 21.
 {¶ 42} I believe that appellant's first issue is with merit.
 {¶ 43} With respect to his second issue under his first assignment of error, I agree with appellant that based on the totality of the circumstances, Officer Lako did not have probable cause to arrest him.
 {¶ 44} "In determining if a police officer had probable cause to arrest an individual for driving under the influence, a court must consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964),379 U.S. 89, 91 * * *; State v. Homan[, supra, at] 427 * * *. To make this determination, a court must examine the totality of facts and circumstances surrounding the arrest. Homan at 427." Duncan, supra, at ¶ 23. "Even in the absence of field sobriety test results, a police officer may have probable cause to affect an arrest for driving under the influence, based on other objectives factors observed."Mook, supra, at ¶ 19, citing Duncan at ¶ 24-26.
 {¶ 45} In the instant matter, Officer Lako testified to the following: at approximately 2:19 a.m., he saw a car parked in a driveway at an angle with its brake lights going on and off; noticed heavy front-end damage to the passenger side of the vehicle; saw a damaged telephone pole a few feet in front of him; saw appellant, the only individual in the car, seated in the driver's seat; and indicated that appellant had a *Page 13 
difficult time standing, had watery and bloodshot eyes, slurred speech, and smelled of alcohol. However, this writer stresses that appellant was not seen operating the vehicle, did not admit to either driving the car or to drinking alcohol, no empty alcohol cans or bottles were found inside the vehicle, and there was no evidence as to how long the car had been in that parked position.
 {¶ 46} This court in State v. Berry (Apr. 29, 1988), 11th Dist. No. 12-163, 1988 Ohio App. LEXIS 1578, at 4, quoting State v. Finch (1985),24 Ohio App.3d 38, 40, stated: "`* * * the Ohio Supreme Court held that it was not necessary for an arresting officer to actually witness "bad driving" in order to effect an arrest for driving under the influence of alcohol, * * * when the officer arrived shortly after an automobile accident, and the defendant appeared intoxicated and admitted operatingthe vehicle.'" (Emphasis added.)
 {¶ 47} Here, appellant did not admit to operating the vehicle. In addition, although appellant was seated in the driver's seat when Officer Lako arrived at the scene, the record establishes that the passenger side of the vehicle was extensively damaged and the passenger door could not open. Considering the facts in their totality, excluding the results of the HGN test, probable cause did not exist for the arrest. "[M]erely appearing to be too drunk to drive is not * * * enough to constitute probable cause for arrest." (Emphasis sic.)Finch, supra, at 40.
 {¶ 48} I believe that appellant's second issue is with merit.
 {¶ 49} This writer concludes that appellant's first assignment of error is well-taken.
 {¶ 50} In his second assignment of error, appellant alleges that the trial court erred when it returned a verdict of guilty against the manifest weight of the evidence. *Page 14 
He stresses that the evidence presented did not prove beyond a reasonable doubt that he was under the influence of alcohol.
 {¶ 51} Based on my analysis in appellant's first assignment of error, his second assignment is moot.
 {¶ 52} For the foregoing reasons, I believe appellant's first assignment of error is well-taken, and his second assignment is moot. I would reverse the judgment of the trial court and enter judgment for appellant.
[2] On January 21, 2004, the Supreme Court of Ohio inSchmitt, supra, applied the strict compliance standard. However, we note that Schmitt dealt with an arrest which took place prior to the passage of S.B. 163, and the court acknowledged its application was limited in light of S.B. 163. Id. at ¶ 9, fn. 1. In the case sub judice, the incident occurred on March 4, 2006, after R.C. 4511.19 was amended. Although appellant's traffic citation involved Wickliffe Codified Ordinance 333.01(A)(1)(a), the language is basically identical to R.C. 4511.19(A)(1)(a). *Page 1