OPINION
{¶ 1} Appellant, the state of Ohio, appeals pursuant to Crim.R. 12(K) from the April 1, 2004 judgment entry of the Portage County Municipal Court, Kent Division. Appellee, Terry G. Hynde, was charged with driving under the influence, in violation of R.C. 4511.19(A)(1). The trial court granted appellee's motion to suppress.
 {¶ 2} Appellee was issued a citation at 9:15 p.m., on April 17, 2003, for driving under the influence of alcohol, in violation of R.C.4511.19(A)(1), and issued a warning for traveling left of center and failing to signal. At his initial appearance on April 22, 2003, appellee entered a plea of not guilty to the charge. On November 10, 2003, he filed a motion to suppress all of the evidence related to his arrest. A suppression hearing was held on April 1, 2004. On that same date, the trial court granted appellee's motion to suppress and explained that appellant failed to establish probable cause for the arrest.
 {¶ 3} The facts pertinent to this appeal are as follows. On the evening of April 17, 2003, Officer Richard L. Soika ("Officer Soika") of the city of Kent Police Department observed appellee's vehicle travel left of center while making a wide turn without using a traffic signal. Officer Soika activated his video recorder and the encounter was videotaped.[1] He then switched on his overhead lights and siren and stopped appellee's vehicle. He approached appellee's car and informed appellee of the reason for the stop. Upon approaching the auto, Officer Soika noticed a moderate odor of alcohol emanating from it. He also observed that appellee's eyes were red and glassy and that he had difficulty retrieving his driver's license. After Officer Soika asked appellee if he had been drinking, appellee admitted that he had consumed five beers in a three hour period and that he had stopped drinking approximately thirty minutes before operating the car. Officer Soika admitted that nothing about appellee's speech indicated that he was in a state of intoxication. The only thing Officer Soika noticed was that appellee's speech was slower than a normal person.
 {¶ 4} Thereafter, Officer Soika asked appellee to exit the vehicle and perform some field sobriety tests. He first had appellee perform the HGN test. According to Officer Soika, he observed all six clues indicating that appellee was under the influence of alcohol. Officer Soika then had appellee do the one-legged stand test followed by the heel-to-toe test. Officer Soika indicated that appellee did not do very well on either of those tests. Yet, he told appellee that his "tests were borderline," and he would like him to take another test. Officer Soika proceeded to radio for a portable breath test ("PBT"). Officer Soika told appellee that if he blew under the level on the PBT, then Officer Soika would let him go. However, appellee did not blow under the level so he was arrested for driving under the influence.
 {¶ 5} Appellant timely filed the instant appeal after the trial court granted appellee's motion to suppress. He raises the following assignments of error for our consideration:
 {¶ 6} "[1.] The trial court's decision granting [appellee's] motion to suppress for lack of probable cause to arrest for driving under the influence of alcohol was erroneous.
 {¶ 7} "[2.] [Appellee's] submission to a [PBT] does not impact the totality of the circumstances that supported a finding of probable cause to arrest [appellee] for driving under the influence. Accordingly, the trial court erred in suppressing the evidence of [appellee's] arrest for driving under the influence[.]"
 {¶ 8} Under its first assignment of error, appellant claims that the trial court erred in granting appellee's motion to suppress. Appellant alleges that the totality of the circumstances supported a finding of probable cause to arrest appellee for driving under the influence of alcohol. Appellant also asserts that Officer Soika administered the HGN test in substantial compliance with the NHTSA standards, and that the trial court erred in not considering that test.
 {¶ 9} At a hearing on a motion to suppress, the trial court functions as the trier of fact and is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses.State v. Mills (1992), 62 Ohio St.3d 357, 366; State v. Teter (Oct. 6, 2000), 11th Dist. No. 99-A-0073, 2000 WL 1487731, at 2. On review, we must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592. After accepting such factual findings as true, we must then independently decide, as a matter of law, if the applicable legal standard has been met. Id.
 {¶ 10} In determining if the police had probable cause to arrest an individual for driving under the influence, a court must consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89, 91; Statev. Homan (2000), 89 Ohio St.3d 421, 427. In making this determination, a court must again examine the totality of facts and circumstances surrounding the arrest. Homan at 427.
 {¶ 11} This case is similar to the Homan case. In Homan at 427, the Supreme Court found that probable cause existed for the arrest where the officer observed the erratic driving, saw the driver had red, glassy eyes, smelled alcohol on the driver's breath and the driver admitted to having consumed alcohol. Here, Officer Soika observed impaired driving, a moderate odor of alcohol emanating from appellee's auto, red and glassy eyes, and appellee's difficulty retrieving his driver's license. Appellee also admitted consuming five beers in a three hour period. Further, Officer Soika testified that appellee did not perform very well on the one-legged stand and heel-to-toe tests. Hence, it was reasonable for Officer Soika, given his observations and based on the totality of the circumstances, to conclude that appellee was driving under the influence. Since the foregoing observations are adequate to provide probable cause to arrest appellee for driving under the influence, we conclude that the trial court erred in granting appellee's motion to suppress.
 {¶ 12} Appellant also claims that the trial court erred in not considering the results of the HGN test since Officer Soika substantially complied with NHTSA standards.
 {¶ 13} In State v. Bresson (1990), 51 Ohio St.3d 123, syllabus, the Ohio Supreme Court held: "[a] properly qualified officer may testify at trial regarding a driver's performance on the [HGN] test as it pertains to the issues of probable cause to arrest and whether the driver was operating a vehicle while under the influence of alcohol." The trial court, therefore, could have admitted the HGN test results, but it was not required to. The court made a factual determination that the HGN test results were unreliable. Because competent and credible evidence in the record supports the trial court's finding, we must accept that the HGN test results were unreliable.
 {¶ 14} Nonetheless, based on Officer Soika's observations of appellee's driving, the odor of alcohol emanating from him, his red and glassy eyes, his difficulty retrieving his driver's license, his admission that he had been drinking, and the results of the two field sobriety tests that were conducted in accordance with NHTSA standards, Officer Soika clearly had sufficient information at the time of the arrest to believe that appellee had been driving under the influence. Thus, he had probable cause for the arrest, and the trial court erred in granting the motion to suppress. Appellant's first assignment of error has merit.
 {¶ 15} Based on our resolution of appellant's first assignment of error, we need not address the second assignment of error.
 {¶ 16} For the foregoing reasons, appellant's first assignment of error is welltaken, and the second assignment of error is moot. The judgment of the Portage County Municipal Court, Kent Division, is reversed, and the matter is remanded for further proceedings consistent with this opinion.
Grendell, J., Rice, J., concur.
[1] The court was asked to view the videotape by agreement of the parties prior to the April 1, 2004 suppression hearing to determine whether Officer Soika substantially complied with the National Highway Traffic Safety Administration ("NHTSA") with regard to the horizontal gaze nystagmus ("HGN") test. The court opined that the HGN test was not done in compliance with NHTSA standards.