OPINION
{¶ 1} Appellant, Michael P. McFadden, appeals from the January 19, 2006 judgment entry of the Portage County Municipal Court, Ravenna Division, in which he was sentenced for operating a vehicle under the influence of alcohol ("OVI").
 {¶ 2} Appellant was stopped on December 16, 2004, and was issued a traffic citation for OVI, in violation of R.C.4511.19(A)(1)(a) and (h), and for an R.C. 4511.33 marked lanes violation. On December 21, 2004, appellant entered a not guilty plea at his initial appearance.
 {¶ 3} On January 13, 2005, appellant filed a "Motion To Suppress And Dismiss."[1] A suppression hearing was held on October 19, 2005.
 {¶ 4} At that hearing, Officer Charles Greene ("Officer Greene") with the Streetsboro Police Department, testified for appellee, the state of Ohio. Shortly after midnight on December 16, 2004, while on duty, he observed appellant's vehicle make a right turn at a red light without stopping. Officer Greene, in his marked cruiser, followed appellant's car, which was traveling southbound on Route 43. He saw appellant's vehicle drive over the right edge line as well as on and across the double yellow line. At that time, Officer Greene initiated a traffic stop of appellant's automobile.
 {¶ 5} Wearing a uniform which identified him as a law enforcement officer, Officer Greene approached the driver's side of the car, detected an odor of alcohol emanating from the vehicle, stated that appellant's eyes were very bloodshot, and noticed a stain on appellant's shirt. He asked appellant where he was coming from and if he had anything to drink that evening. Officer Greene indicated that appellant responded that he worked at a restaurant in Twinsburg, that he had one drink after work, and the stain on his shirt was from wine.
 {¶ 6} At that point, Officer Greene ordered appellant out of his vehicle. He administered three field sobriety tests, including the Horizontal Gaze Nystagmus ("HGN"), the one-legged stand, and the walk and turn. He testified that appellant performed poorly on the HGN, where he observed four clues of impairment, and on the one-legged stand, where he observed three clues. Officer Greene did not state that he observed any clues with respect to the walk and turn. He opined that appellant was under the influence of alcohol. Officer Greene administered a portable breath test, which revealed a BAC of .158. Appellant was arrested and transported to the station, where he was given another breath test. At the station, appellant's BAC registered at.198.
 {¶ 7} On cross-examination, Officer Greene testified that he activated the cruiser's dashboard camera after appellant made the right turn on red without stopping. With regard to the marked lanes violation, Officer Greene said that he stopped appellant after observing his vehicle go over the double yellow line on at least two occasions, causing a northbound car to veer in order to avoid an accident. He stated that appellant passed the walk and turn test.
 {¶ 8} The trial court reviewed the videotape of appellant's driving southbound on Route 43 and the performance of the field sobriety tests.
 {¶ 9} Pursuant to its October 31, 2005 judgment entry, the trial court overruled appellant's motion to suppress, finding that the field sobriety tests were administered in substantial compliance with the National Highway Traffic Safety Administration ("NHTSA") standards.[2] The trial court determined that Officer Greene had reasonable cause to stop appellant's vehicle, and to arrest him for OVI as a result of the portable breath test.
 {¶ 10} On January 19, 2006, appellant withdrew his former not guilty plea, and entered a plea of no contest to OVI, in violation of R.C. 4511.19(A)(1)(a). The trial court found appellant guilty of the R.C. 4511.19(A)(1)(a) charge, and dismissed the other charges upon motion of the prosecutor.
 {¶ 11} Pursuant to its January 19, 2006 judgment entry, the trial court sentenced appellant to one hundred eighty days in jail, one hundred seventy-seven days conditionally suspended; ordered him to pay a fine in the amount of $250 plus costs; and suspended his driver's license for one year. Appellant's sentence was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 12} "The trial court erred to the prejudice of [appellant] by overruling [appellant's] motion to suppress [i]n violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section Fourteen of the Ohio Constitution."
 {¶ 13} In his sole assignment of error, appellant argues that the trial court erred by overruling his motion to suppress. Appellant stresses that Officer Greene did not have a reasonable suspicion to believe that he was engaging in illegal activity to justify the stop of his automobile.
 {¶ 14} This court stated in State v. Jones, 11th Dist. No. 2001-A-0041, 2002-Ohio-6569, at ¶ 16:
 {¶ 15} "[a]t a hearing on a motion to suppress, the trial court assumes the role of the trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366 * * *. When reviewing a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594 * * *. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. State v. Curry (1994), 95 Ohio App.3d 93, 96 * * *." (Parallel citations omitted.)
 {¶ 16} "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v.United States (1996), 517 U.S. 806, 810.
 {¶ 17} In State v. Carter, 11th Dist. No. 2003-P-0007,2004-Ohio-1181, at ¶ 33, we stated that:
 {¶ 18} "[s]topping a vehicle and detaining its occupants is a seizure within the meaning of the Fourth Amendment. Delaware v.Prouse (1979), 440 U.S. 648, 653 * * *, citing United States v.Martinez-Fuerte (1976), 428 U.S. 543, 556-558 * * *. `Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity.' Dayton v.Erickson, 76 Ohio St.3d 3, 11 * * *." (Parallel citations omitted.)
 {¶ 19} R.C. 4511.33(A)(1) provides that: "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction * * * [a] vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
 {¶ 20} In the case at bar, Officer Greene had probable cause to make the traffic stop due to the R.C. 4511.33(A)(1) violation.State v. Montes, 11th Dist. No. 2003-L-072, 2004-Ohio-6475, at ¶ 21.
 {¶ 21} Based on its October 31, 2005 judgment entry overruling appellant's motion to suppress, the trial court determined that Officer Greene had "reasonable cause" to stop appellant's vehicle. We note, however, that Officer Greene's testimony, in addition to the videotape from the cruiser's dashboard camera viewed by both the trial court and this court, provided sufficient evidence that he had probable cause to stop appellant's automobile after observing the R.C. 4511.33(A)(1) traffic violation.
 {¶ 22} Again, Officer Greene testified that appellant's vehicle made a right turn at a red light without stopping, in violation of R.C. 4511.13(C), which led him to follow appellant's car. However, that particular traffic violation was not captured on video, nor was appellant issued a traffic citation for that incident.
 {¶ 23} Officer Greene then activated the cruiser's dashboard camera. Both Officer Greene's testimony and the videotape revealed appellant's vehicle proceeding southbound on Route 43. Appellant drove over the right edge line as well as on and across the double yellow centerline, once causing a northbound vehicle to swerve in order to avoid an accident. Appellant's automobile unsafely crossed the double yellow centerline twice.
 {¶ 24} There is no indication in the record that there were any exigent circumstances or adverse conditions present which may have caused appellant to leave his lane of travel. Appellant committed a readily apparent traffic violation by leaving the lane in which he was traveling when it was practicable to stay within his own lane. State v. Hodge, 147 Ohio App.3d 550,2002-Ohio-3053, at ¶ 50. Thus, based on Whren and Erickson,
supra, Officer Greene had probable cause to stop appellant's vehicle due to the traffic violation. The trial court did not err by overruling appellant's motion to suppress.
 {¶ 25} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
O'Neill, J., Grendell, J., concur.
[1] In his motion, appellant moved the trial court to exclude all evidence obtained from the warrantless seizure, and to dismiss the charges against him. Appellant alleged the following: (1) there was no reasonable suspicion to stop and detain him, as well as no probable cause to arrest him without a warrant; (2) the field sobriety tests were not administered in strict compliance as required by State v. Homan (2000),89 Ohio St.3d 421; (3) statements made by him were obtained in violation of hisMiranda rights; and (4) the machine or instrument which analyzed his alcohol level was not in proper working order and/or not properly calibrated.
[2] We note that amended R.C. 4511.19, effective April 9, 2003, no longer requires an arresting officer to administer field sobriety tests in strict compliance with testing standards for the test results to be admissible. Rather, substantial compliance is required. State v. Delarosa, 11th Dist. No. 2003-P-0129,2005-Ohio-3399, at ¶ 45, fn. 4; State v. Boczar, 11th Dist. No. 2004-A-0063, 2005-Ohio-6910, at ¶ 31-36.