OPINION
{¶ 1} Appellant, Terry A. Beauregard, appeals from the judgment entry of the Ashtabula County Court, Eastern District, denying his motion to suppress evidence. For the reasons expressed herein, we affirm.
 {¶ 2} On April 28, 2006, at approximately 11:30 p.m., Officer N. Houser of the North Kingsville Police Department was dispatched to the Country Village Apartments to investigate a "suspicious vehicle." After arriving at the apartment complex, Houser *Page 2 
spoke with the complainant who indicated the vehicle had been parked for approximately an "hour and-a-half." The vehicle was parked in the middle of the parking lot, in a grassy area between the roadway and parking lot, and its engine was running. Houser pulled his cruiser behind the vehicle and noticed a white male occupant motionless in the driver's seat. The officer activated his spot light but there was still no movement.
 {¶ 3} Officer Houser exited his cruiser and approached the vehicle and observed the individual sleeping. Houser tapped on the window and the man awakened. The officer motioned for the individual to roll down his window and the man complied. When asked where he was coming from, the man responded that he was coming from Ashtabula. When asked what time it was, the man responded that it was around 3:00 a.m. When asked where he was, the man told Houser he was still in Ashtabula about a mile from Route 11.
 {¶ 4} During their conversation, Officer Houser observed the man was disoriented and his speech was slow. Houser additionally noticed the man smelled of alcoholic beverage and had bloodshot eyes. The man told Officer Houser he was coming from a bar in Ashtabula and was tired so he pulled off the road to take a nap. After Houser checked his information, the man was ultimately identified as appellant. Houser then administered field sobriety tests to determine if appellant was intoxicated.
 {¶ 5} On May 2, 2006, a traffic complaint was filed against appellant for Physical Control of a Vehicle While Under the Influence, in violation of R.C. 4511.194(B). On July 17, 2006, appellant filed a motion to suppress, which he amended on July 24, 2006. On August 25, 2006, the state filed its motion in opposition. On August 29, 2006, *Page 3 
the trial court held a hearing on appellant's motion to suppress and issued its judgment, overruling the motion, from the bench. On October 30, 2006, appellant pleaded no contest to the charge and was convicted. Appellant now appeals and asserts the following assignment of error:
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant in overruling his motion to suppress."
 {¶ 7} When considering a motion to suppress evidence, the trial court sits as the trier of fact and must weigh the evidence and judge the credibility of witnesses. State v. Boczar, 11th Dist. No. 2004-A-0063,2005-Ohio-6910, at ¶ 10. A reviewing court will not disturb the trial court's factual findings where they are supported by competent, credible evidence. State v. Mills (1992), 62 Ohio St.3d 357, 366. After accepting the trial court's factual conclusions, an appellate court reviews the trial court's application of law de novo. Boczar, supra.
 {¶ 8} Under his sole assignment of error, appellant first argues he was seized in violation of his Fourth Amendment rights when the officer shined his spotlight on appellant's parked car, approached the vehicle, tapped on the driver's side window to wake him up, and ordered him to roll down his window.
 {¶ 9} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution guarantee "the right of people to be secure in their persons, houses, papers, and effects,against unreasonable searches and seizures." U.S. Const. Amend. IV; Section 14, Art. I, Ohio Constitution. (Emphasis added). These guarantees are not implicated in every encounter between citizens and law enforcement officers. California v. Hodari D. (1991), 499 U.S. 621,625. Rather, the *Page 4 
guarantees established by the Fourth Amendment are triggered only when the encounter rises to the level of a seizure. See, e.g., Terry v.Ohio (1968), 392 U.S. 1, 19. To constitute a seizure of the person there must be either the application of physical force, however slight, or where that is absent, submission to an officer's show of authority to restrain the subject's liberty. Hodari D., supra, at 624. Thus, a consensual encounter between a police officer and a citizen does not implicate the Fourth Amendment unless the officer has seized the citizen.
 {¶ 10} The United States Supreme Court has identified a variety of factors that may cause an encounter between the police and a citizen to lose its consensual nature. Factors indicating that a seizure has occurred include the presence of multiple police officers, the display of a weapon by the police, the use of language suggesting that compliance with requests is mandatory, and the physical touching of the individual. United States v. Mendenhall (1980) 446 U.S. 544, 554; see, also, City of Willowick v. Stephenson (July 16, 1999), 11th Dist. Nos. 98-L-144, 98-L-145, 98-L-146, and 98-L-147, 1999 Ohio App. LEXIS 3337, *5. "An encounter that is consensual at the outset can shift into the domain of a Fourth Amendment seizure if the police utilize one or more of these coercive tactics." City of Willowick v. Sable (Dec. 12, 1997), 11th Dist. No. 96-L-189, 1997 Ohio App. LEXIS 5562, *11.
 {¶ 11} With this in mind, the record reveals Officer Hauser was dispatched to the apartment complex as a result of a complaint regarding a "suspicious vehicle." The resident asserted the vehicle had been in the apartment parking lot for about an hour and a half. When the officer arrived, the vehicle was parked in a grassy area off of the *Page 5 
parking lot and its engine was running. Officer Hauser pulled behind the vehicle, exited his cruiser and observed appellant sleeping. The officer testified:
 {¶ 12} "I tapped on the window, he looked up at me. I motioned for him to roll down the window. When he rolled down the window, he — I asked him where he was coming from. He stated, Ashtabula. I asked him then, did he know what time it was without looking at the clock? He said, around 3:00 A.M. I asked him, from where Ashtabula? So where do you — where are you now? He stated he's still in Ashtabula about a mile from Route 11."
 {¶ 13} With the following in mind, we do not believe appellant was seized for Fourth Amendment purposes when Officer Hauser approached him, knocked on the window, and engaged him in conversation. This court has previously held that no seizure occurs when a single police officer approaches a parked vehicle and engages the occupants in conversation.Sable, supra; see, also, Stephenson, supra; State v. Cominsky, 11th Dist. No 2001-L-023, 2001-Ohio-8734; State v. Barnhart (Aug. 17, 1999), 10th Dist. No. 98AP-1474, 1999 Ohio App. LEXIS 3754. Because none of theMendenhall factors suggesting coerciveness were present, we believe the initial encounter was consensual as a matter of law and therefore reject appellant's initial argument.
 {¶ 14} Next, appellant asserts Officer Hauser did not possess specific, articulable facts that appellant was violating or was about to violate the law to justify his initial intrusion. Because we hold the initial encounter was merely a consensual encounter, the officer did not need specific, articulable facts to support his decision to approach appellant's vehicle. It is worth underscoring that "* * * there is nothing in either the State *Page 6 
or Federal Constitutions prohibiting law enforcement officers from approaching and engaging in a conversation with a motorist who they believe may be in need of assistance." State v. Elliott, 7th Dist. No. 01 CO 53, 2002-Ohio-3018, at ¶ 8, citing State v. Norman (1999),136 Ohio App.3d 46. Here, Officer Hauser testified he responded to a call, observed the vehicle, noticed the engine was running, and the occupant was motionless. The officer approached the vehicle, not because he believed any crime was occurring, but to determine whether the occupant needed assistance. Hauser testified, "[b]efore tapping on the window, I wasn't a hundred percent sure if he was sleeping or if something may have happened."
 {¶ 15} Appellant's exhortations notwithstanding, we decline to adopt a principle that would require reasonable suspicion of a crime for every encounter in which an officer approaches a parked vehicle. We believe that such a principle would be out of step with a law enforcement officer's legitimate role as a public servant whose duties include assisting those in need and fostering public safety. Id. at 53. Under these circumstances, Officer Hauser was justified in approaching appellant's vehicle without a reasonable basis to suspect criminal activity. Appellant's second argument lacks merit.
 {¶ 16} Appellant's final argument asserts Officer Hauser's request that he perform field sobriety tests was unsupported by reasonable suspicion. Again, we disagree.
 {¶ 17} It is well-established that an officer may not request a motorist to perform field sobriety tests unless that request is independently justified by reasonable suspicion based upon articulable facts that the motorist is intoxicated. State v. Evans (1998),127 Ohio App.3d 56, 62, citing State v. Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, *Page 7 
1996 Ohio App. LEXIS 3361. "A court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." Village of Kirtland Hills v.Strogin, 11th Dist. No. 2005-L-073, 2006-Ohio-1450, at ¶ 13, citing,Village of Waite Hill v. Popovich, 11th Dist. No. 2001-L-227, 2003-Ohio-1587, at ¶ 14.
 {¶ 18} Here, Officer Hauser testified he encountered appellant on a Friday night, asleep in his car, with its engine running. When appellant regained consciousness, Hauser testified he "seemed disoriented," had slow speech, projected a scent of "alcoholic beverage," and possessed bloodshot eyes. Furthermore, after engaging appellant in a brief conversation, appellant volunteered he was coming home from a bar. Viewed as a whole, we believe Officer Hauser had sufficient indicia of intoxication to establish reasonable suspicion to request appellant to submit to field sobriety testing. Appellant's final argument and sole assignment of error is accordingly overruled.
 {¶ 19} For the reasons discussed above, appellant's single assignment of error lacks merit and the judgment of the Ashtabula County Court, Eastern District, is therefore affirmed.
 DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur. *Page 1