The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as State v. Brown, 166 Ohio App.3d 638, 2006-Ohio-1172.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2004–T–0123.

Decided March 10, 2006.

</div>

Gregory V. Hicks, Warren Law Director, and Traci Timko Rose, Assistant Law Director, for appellee.

Bluedorn & Ohlin, L.L.C., and Samuel F. Bluedorn, for appellant.

DONALD R. FORD, Presiding Judge.

{¶ 1} Appellant, Marvin J. Brown, appeals from the February 7, 2005 judgment entry of the Warren Municipal Court, in which he was sentenced for speeding and driving under the influence of alcohol ("DUI").

{¶ 2} On June 8, 2004, a complaint was filed against appellant charging him with three counts: one count of speeding, a minor misdemeanor, in violation of R.C. 4511.21(C); one count of DUI, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1); and one count of failure to wear a safety belt, a minor misdemeanor, in violation of R.C. 4513.263. On June 11, 2004, appellant entered a plea of not guilty at his initial appearance.

{¶ 3} On June 21, 2004, appellant filed a motion to suppress.[1] A suppression hearing was held on August 20, 2004.[2]

{¶ 4} At that hearing, Trooper Erik Golias with the Ohio State Highway Patrol, Warren post, testified for appellee, the state of Ohio, that he was on duty on June 8, 2004, and came in contact with appellant. Trooper Golias was traveling in his marked cruiser southbound on State Route 46 and appellant was driving north-bound on Route 46. The speed limit on Route 46 in the area in question is 40 miles per hour. Trooper Golias indicated that he is trained and certified in operating a radar.[3] He clocked appellant at 2:16 a.m. traveling at a speed of 50 miles per hour.[4] At that time, he initiated a traffic stop of appellant's vehicle.

{¶ 5} Upon approaching appellant's car, Trooper Golias noticed a strong odor of alcohol. He indicated that appellant's eyes were glassy and bloodshot but made no mention regarding appellant's speech. He stated that appellant fumbled through cards and papers and dropped his wallet on his lap. Trooper Golias asked appellant for his license and registration. He said that after appellant located his license, he dropped it on the seat. At that point, Trooper Golias ordered appellant out of his vehicle. He administered three field sobriety tests, including the horizontal gaze nystagmus ("HGN"), the one-legged stand, and the walk-and-turn.[5] Trooper Golias testified that appellant failed all three tests. He then read appellant his *Miranda* rights, arrested him for DUI, and transported him to the station. Trooper Golias indicated that en route to the station, appellant said that he had consumed seven beers. At the station, appellant refused to take a breathalyzer test.

---

1. In his motion to suppress, appellant alleged a lack of probable cause and/or illegal basis to make an arrest in violation of his Fourth and Fourteenth Amendment rights under the United States Constitution and under Section 14, Article I of the Ohio Constitution. Further, appellant moved the court to suppress any evidence including testimony and statements made concerning drunk driving and field sobriety tests.

2. The parties stipulated that the suppression hearing would be limited to the probable cause for the arrest and the procedures used for the standardized field sobriety tests which led to the arrest of appellant.

3. Trooper Golias stated that he has an Electronics Speed Measuring Devices ("ESMD") certification.

4. Trooper Golias testified that prior to operating the radar, he checked the calibration at the beginning of his shift as well as after appellant was arrested. He maintained that the calibration check revealed that it was in proper working order both prior to his shift and immediately after appellant's arrest.

5. Trooper Golias testified that he was trained in conducting those tests prior to graduating in September 2000 from the Highway Patrol Academy. In addition, he indicated that he had opportunities to perform those tests on prior occasions.

{¶ 6} On cross-examination, Trooper Golias testified that appellant made the comment about drinking seven beers after the arrest and that he did not use that statement for his probable-cause determination. Trooper Golias indicated that most of his testimony was not made from independent recollection but rather from reviewing his notes on the witness stand. When asked whether he had his ESMD certification with him, Trooper Golias responded that he did not.

{¶ 7} On September 7, 2004, appellant filed a supplemental memorandum in support of his motion to suppress.[6] Appellee filed a response on September 20, 2004.

{¶ 8} In its September 27, 2004 judgment entry, the trial court denied appellant's motion to suppress. The trial court determined that probable cause existed for the DUI arrest and that the field sobriety tests were conducted in strict compliance with the National Highway Traffic Safety Administration ("NHTSA") standards.

{¶ 9} On October 13, 2004, appellant entered a plea of no contest regarding the DUI charge and asked that his sentence be stayed pending appeal. The trial court found appellant guilty of DUI and speeding and dismissed the charge of failure to wear a safety belt. Sentencing was deferred pending appeal. On October 20, 2004, appellant filed a notice of appeal from the October 13, 2004 judgment.

{¶ 10} On February 7, 2005, the trial court sentenced appellant to 180 days in jail, 170 days suspended, ordered him to pay a fine in the amount of $350, suspended his driver's license for two years, and placed him on three years' "not reporting" probation.

{¶ 11} On February 14, 2005, this court issued a memorandum opinion in which we sua sponte dismissed appellant's appeal due to lack of a final, appealable order. This court indicated that because no sentence had been rendered, there was no final, appealable order.

{¶ 12} On February 17, 2005, appellant filed a motion to reinstate the appeal. Pursuant to this court's March 30, 2005 judgment entry, we granted appellant's motion to reinstate the appeal and instructed the clerk of courts to substitute the October 13, 2004 judgment entry with the new appealed judgment of February 7, 2005. It is from the February 7, 2005 judgment that appellant makes the following assignments of error:[7]

---

6. In his supplemental memorandum, appellant alleged that appellee failed to establish the standardized manner of conducting field sobriety tests as required by the NHTSA. Also, appellant argued that the case should be dismissed for lack of probable cause.

7. We note that appellee did not file an appellate brief. Also, appellant's notice of appeal is limited to DUI and does not mention the speeding charge. Thus, since appellant has not

{¶ 13} "[1.] The trial court erred in finding that standardized field sobriety tests were conducted in substantial compliance with NHTSA standards.

{¶ 14} "[2.] The trial court erred in finding probable cause for [appellant's] DUI arrest."

{¶ 15} In his first assignment of error, appellant argues that the trial court erred in finding that standardized field sobriety tests were conducted in substantial compliance with the NHTSA standards. Appellant contends that appellee failed to establish the standardized manner of conducting such field sobriety tests as required by NHTSA, therefore, the field sobriety tests should have been suppressed.

{¶ 16} This court stated in *State v. Jones*, 11th Dist. No. 2001–A–0041, 2002-Ohio-6569, 2002 WL 31716834, at ¶ 16:

{¶ 17} "At a hearing on a motion to suppress, the trial court assumes the role of the trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366[, 582 N.E.2d 972]. When reviewing a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594[, 621 N.E.2d 726]. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. *State v. Curry* (1994), 95 Ohio App.3d 93, 96[, 641 N.E.2d 1172]."

{¶ 18} Appellant relies on *State v. Ryan*, 5th Dist. No. 02–CA–00095, 2003-Ohio-2803, 2003 WL 21255939, for the proposition that if the state does not prove that field sobriety tests were conducted in strict compliance with the NHTSA manual, the results should be suppressed.[8] In *Ryan*, the appellant was stopped

brought forth any argument regarding speeding, we conclude that it has not been advanced for purposes of this appeal. In addition, pursuant to this court's December 9, 2005 judgment entry, we indicated that the February 7, 2005 sentencing order may not have been a final, appealable order since it was issued by the trial court while the appeal was still pending. Accordingly, we ordered that this case be remanded to the trial court for a period of ten days for the sole purpose of the trial court issuing a new sentencing order. The trial court filed a new sentencing order on December 15, 2005, in which appellant's sentence was identical to the foregoing February 7, 2005 order.

8. We note that amended R.C. 4511.19, effective April 9, 2003, no longer requires an arresting officer to administer field sobriety tests in strict compliance with testing standards for the test results to be admissible. Rather, substantial compliance is required, which we will apply here. *State v. Delarosa*, 11th Dist. No. 2003–P–0129, 2005-Ohio-3399, 2005 WL 1538264, at ¶ 45, fn. 4; *State v. Boczar*, 11th Dist. No.2004–A–0063, 2005-Ohio-6910, 2005 WL 3528894, at ¶ 31–36. On January 21, 2004, although the Supreme Court of Ohio in *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, 2004 WL 42249, applied the strict-compliance

for speeding, given field sobriety tests, and arrested for DUI. Id. at ¶ 2. The trooper acknowledged that he failed to perform the HGN test in strict compliance with the NHTSA manual and did not remember some of the specifics of the testing procedure. Id. at ¶ 3. The state did not introduce the NHTSA manual at the hearing on appellant's motion to suppress. Id. at ¶ 4. While not accepting the HGN test, the trial court relied on the trooper's testimony without the actual NHTSA manual in denying the motion. Id. at ¶ 5.

{¶ 19} In *Ryan,* the Fifth District indicated that while the trooper testified regarding his certification to administer the tests, he failed to testify as to the standardized requirements of the NHTSA guidelines. Id. at ¶ 20. The court held that "the [s]tate therefore failed in its burden as to the evidence required to oppose the motion to suppress and that the burden had not shifted to appellant to establish the standardized manner of conducting such tests as required by the NHTSA by impeaching the [t]rooper. By placing this burden on appellant, he was required by impeachment or introduction of the NHTSA manual to carry the burden required of the [s]tate." Id. at ¶ 21.

{¶ 20} A similar instance occurred in *State v. Nickelson* (July 20, 2001), 6th Dist. No. H–00–036, 2001 WL 1028878. In *Nickelson,* the appellant's vehicle was parked with its motor running, blocking the entrance of a bar. A police officer proceeded to the appellant's car on foot and noticed indicia of intoxication. After being given field sobriety tests, the appellant was placed under arrest for DUI. The appellant pleaded not guilty and later moved to suppress the evidence against him on the grounds that his stop and arrest were unconstitutional. After a hearing, the trial court granted the appellant's motion to suppress regarding the walk-and-turn test because the police officer did not demonstrate that test for him. However, the appellant's motion to suppress was denied in all other respects. The appellant changed his plea to no contest and was found guilty of DUI by the trial court.

{¶ 21} On appeal, the appellant in *Nickelson* argued, inter alia, that the trial court erred by failing to suppress all field sobriety tests due to the fact that they were not properly administered. The appellant stressed that the results of those tests should have been suppressed because the police officer did not perform them in a standardized manner and in conformity with the NHTSA manual.

{¶ 22} The Sixth District agreed and stated:

{¶ 23} "In this case, appellant's motion to suppress was specific enough to give appellee notice of the basis for challenging the seizure: appellant cited in his memorandum the constitutional provisions he believed were violated, and he cited

standard, we stress that it dealt with an arrest which took place prior to the passage of S.B. 163, and the court acknowledged its application was limited in light of S.B. 163. Id. at ¶ 9, fn. 1.

the [NHTSA manual], which he also believed was violated. Appellant provided case citations as well. In short, appellant's motion and memorandum were enough to shift the burden to appellee to demonstrate that, in this instance, the field sobriety tests were conducted properly. * * * Appellee did not carry this burden at the hearing. While appellee introduced testimony of officers as to which tests were conducted and how they were conducted, it did not introduce any evidence to prove that the tests were conducted in a standardized manner as provided by the [NHTSA]. No witness testified as to these guidelines, and the manual itself was not admitted. Because appellee did not prove that the field sobriety tests were conducted in accordance with the manual, the results of the field sobriety tests should have been suppressed. See *State v. Homan* (2000), 89 Ohio St.3d 421[, 732 N.E.2d 952], paragraph one of the syllabus. * * * Accordingly, appellant's third assignment of error is well-taken."

{¶ 24} With regard to the case at bar, again, in appellant's motion to suppress, he alleged a lack of probable cause and/or illegal basis to make an arrest in violation of his constitutional rights as well as moved the court to suppress any evidence including testimony and statements made concerning drunk driving, and field sobriety tests. After the hearing, in his supplemental memorandum in support of his motion to suppress, appellant contended that appellee failed to establish the standardized manner of conducting field sobriety tests as required by the NHTSA. Thus, appellant's motion and memorandum were specific enough to give appellee notice of the basis for his challenge and were sufficient to shift the burden to appellee to demonstrate that the field sobriety tests were properly conducted. Appellee did not carry its burden at the hearing. Also, in appellee's response to appellant's motion to suppress, appellee conceded that Trooper Golias failed to make a conclusory affirmation that the tests were administered in compliance with the NHTSA manual, but that the technical requirement in *Ryan* should not be adopted by the trial court.

{¶ 25} We believe that the rationale of the Fifth and Sixth Districts should apply here. Although appellee introduced testimony of Trooper Golias as to which tests were conducted and how they were administered, it failed to produce any evidence to prove that the tests were conducted in a standardized manner as provided by the NHTSA, and did not admit the manual. Trooper Golias's testimony that he conducted the field sobriety tests in conformity with the manner and procedures with which he was taught is not the same as testifying that he administered the tests in substantial compliance with the guidelines set forth in the NHTSA manual. Trooper Golias failed to testify regarding the standardized requirements. Thus, pursuant to *Ryan* and *Nickelson,* supra, because appellee failed to prove that the field sobriety tests were conducted in substantial compliance with the NHTSA manual, the results of the tests should have been suppressed. Appellant's first assignment of error has merit.

{¶ 26} In his second assignment of error, appellant alleges that the trial court erred in finding probable cause for his DUI arrest. Appellant maintains that since the standardized field sobriety tests were not performed in substantial compliance with the NHTSA standards, the trial court should have made a determination regarding whether probable cause for arrest existed exclusive of the field sobriety tests at issue.

{¶ 27} Based on our analysis in appellant's first assignment of error, because we believe that the results of the field sobriety tests should have been suppressed, we must decide whether Trooper Golias had probable cause to arrest appellant absent the tests. See *Homan*, supra, 89 Ohio St.3d at 427, 732 N.E.2d 952.

{¶ 28} Appellant relies on *State v. Beagle*, 2d Dist. No.2002–CA–59, 2003-Ohio-4331, 2003 WL 21949757. In *Beagle*, the appellant crossed the right lane line by a tire's width two times and almost hit another vehicle, came very close to hitting a light post, had an odor of alcohol on his person, and admitted to consuming "three shots of Jack." Id. at ¶ 38. However, the Second District determined that the police officer had, at most, a reasonable suspicion that the appellant may have been under the influence of alcohol. Id. at ¶ 40. The court agreed with the appellant that the totality of the circumstances, excluding the field sobriety tests, did not rise to the level of probable cause to believe that the appellant was under the influence of alcohol. Id.

{¶ 29} In the instant matter, appellant was stopped for traveling ten miles over the speed limit. There was no evidence submitted as to any erratic driving such as weaving, swerving, and/or driving left of center. Again, upon approaching appellant's vehicle, Trooper Golias noticed a strong odor of alcohol. He indicated that appellant's eyes were glassy and bloodshot, and that appellant fumbled through cards and papers, dropped his wallet on his lap, and after locating his license, dropped it on the seat. Appellant did not admit that he had consumed seven beers until *after* his arrest. Considering the foregoing facts in their totality, Trooper Golias's observations, without considering the field sobriety tests, amounted at most to a reasonable suspicion to believe that appellant may have been under the influence of alcohol. We agree with appellant that the totality of the circumstances, when the results of the field sobriety tests are excluded, does not establish that probable cause existed for the DUI arrest. Appellant's second assignment of error has merit.

{¶ 30} For the foregoing reasons, appellant's assignments of error are well taken. The judgment of the Warren Municipal Court is reversed and judgment is entered for appellant.

Judgment reversed.

Rice, J., concurs.

Grendell, J., dissents.

Diane V. Grendell, Judge, dissenting.

{¶ 31} I concur with the majority's conclusion, under the first assignment of error, that the state failed to establish that Trooper Golias conducted the field sobriety tests in accordance with the National Highway Traffic Safety Administration standards.

{¶ 32} I disagree, however, with the majority's conclusion, under the second assignment error, that Trooper Golias did not have probable cause to arrest appellant for driving under the influence of alcohol.

{¶ 33} "In determining whether the police had probable cause to arrest an individual for DUI," the reviewing court must consider "whether, at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. * * * In making this determination, [the court] will examine the 'totality' of facts and circumstances surrounding the arrest." *State v. Homan* (2000), 89 Ohio St.3d 421, 427, 732 N.E.2d 952.

{¶ 34} In the present case, there is abundant information to cause a prudent person to believe that appellant was driving under the influence. Appellant was stopped for speeding in the early morning hours. There was a "strong odor" of alcohol coming from appellant's person. Appellant's eyes were "glassy" and "blood-shot." Appellant "fumbled through cards and papers" while looking for his license and registration. Appellant dropped his wallet in his lap and, after locating his license, dropped his license as well. Appellant was unable to stand on one foot for longer than 13 seconds. Appellant was unable to maintain his balance walking in a straight line.[9]

{¶ 35} The majority notes that Trooper Golias did not observe appellant driving erratically. The observation of erratic driving, however, is not essential to arrest for driving under the influence. What is essential is evidence that appellant's ability to operate a motor vehicle has been impaired by the consumption of alcohol. In the present case, there are numerous indications that

---

**9.** Although the results of the field sobriety tests Trooper Golias performed must be suppressed, it is well established that "[a] law enforcement officer may testify at trial regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests." *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, at syllabus. Accordingly, Trooper Golias's observations as to how appellant performed these tests may be considered when determining probable cause. Id. at ¶ 14.

appellant's coordination was impaired to a degree that would affect his ability to drive.

{¶ 36} This court has held, in numerous instances, that probable cause to arrest exists where the results of the field sobriety tests are not considered and where the officer has not observed erratic driving. See *State v. Duncan*, 11th Dist. No. 2004–L–065, 2005-Ohio-7061, 2005 WL 3610449; *Kirtland Hills v. Deir*, 11th Dist. No. 2004–L–005, 2005-Ohio-1563, 2005 WL 737411; *Willoughby Hills v. Lynch*, 11th Dist. No. 2002–L–177, 2004-Ohio-5014, 2004 WL 2803377; *State v. Dohner*, 11th Dist No. 2003–P–0059, 2004-Ohio-7242, 2004 WL 3090398.

{¶ 37} There is no reason for departing from these precedents in the present case. Accordingly, I respectfully dissent.