OPINION
{¶ 1} Appellant, Zdenko S. Sulc, appeals from the January 17, 2007 judgment of the Willoughby Municipal Court, which accepted appellant's plea of no contest and sentenced him accordingly for operating a motor vehicle while intoxicated in violation of Kirtland Hills Ordinance, 333.01(A)(1), a misdemeanor of the first degree. For the following reasons, we affirm.
 {¶ 2} Substantive Facts and Procedural History
 {¶ 3} On October 1, 2006, Patrolman Kopp, a part-time officer of the Kirtland Hills Police Department, was on routine patrol at approximately 3:40 a.m. when he *Page 2 
encountered appellant in a white SUV from behind as he was driving just past the intersection of Booth and Sperry Road in Kirtland Hills Village. As Patrolman Kopp was driving behind the vehicle he observed the vehicle travel on the white edge line of the road and then drive approximately six inches off the road for a distance of about three feet. At this point Patrolman Kopp activated his camera system as he continued to follow the vehicle. Patrolman Kopp then observed the vehicle almost hit a guardrail and subsequently travel left of center for about six feet. Once Patrolman Kopp found a safe place to stop the vehicle, he activated his lights and siren to indicate to appellant to pull over. However, appellant did not stop the vehicle until Patrolman Kopp used several different siren tones.
 {¶ 4} When appellant finally pulled over and stopped his vehicle, Patrolman Kopp approached the driver's side window, which was raised, and asked appellant to roll down the window so that he could speak to him. Appellant rolled down the window only a few inches. Patrolman Kopp clarified his request to roll his window fully down so that they could speak. When appellant did so, Patrolman Kopp immediately noticed a strong odor of alcohol emanating from the car and appellant. He also noticed that appellant's eyes were red, bloodshot, and glassy, his clothes were untucked, undone, and his pants were unbuckled. Appellant admitted he drank three alcoholic beverages, whereupon he was asked to exit the vehicle so that field sobriety tests could be conducted. At that point, appellant questioned the officer's request and would not step out of the vehicle. Before proceeding further Patrolman Kopp decided to call for a backup unit in case appellant became more aggressive and because there was a passenger in appellant's vehicle. *Page 3 
 {¶ 5} Once the other officer arrived on the scene, appellant became cooperative and stepped out of the vehicle. Patrolman Kopp observed appellant swaying while standing outside of the vehicle, and he smelled a strong alcoholic odor emanating from appellant's person. Appellant continued to refuse to take any field sobriety tests, and was subsequently arrested.
 {¶ 6} Appellant was charged with operating a motor vehicle while under the influence of alcohol or drugs ("OVI",) a violation of Kirtland Hills Ordinance 331.01(A)(1)[1]; and driving outside marked lanes, in violation of Kirtland Hills Ordinance 331.08(A), a minor misdemeanor. Since appellant refused to take a field sobriety test, his license was immediately administratively suspended for one year.
 {¶ 7} On October 18, 2006, the trial court granted appellant's motion for limited driving privileges. On November 15, 2006, appellant filed a motion to dismiss. This proceeded to a hearing on December 12, 2006, where the motion to dismiss was amended orally to a motion to suppress and dismiss. At the hearing the state produced as evidence Patrolman Kopp's testimony and the videotape that recorded the stop. Appellant rested after the state presented its case in chief. The trial court denied appellant's motion to dismiss or suppress on December 14, 2006.
 {¶ 8} Subsequently, on January 3, 2007, the court issued a judgment entry that granted appellant's request for a change of plea and set the plea hearing for January 17, 2007. On that day, appellant withdrew his not guilty plea and the court accepted his plea of no contest and found him guilty of operating a motor vehicle while intoxicated, in *Page 4 
violation of Kirtland Hills Ordinance 331.01(A)(1) and driving outside marked lanes, in violation of Kirtland Hills Ordinance 331.08(A).
 {¶ 9} Appellant was sentenced to pay a fine of $350 and serve a jail term of ninety days, with eighty-five days suspended. Accordingly, appellant had the option of serving five days in jail or two days in jail and two days of community service. In addition, appellant's license was fully suspended for the first fifteen days, after which he was given limited driving privileges for one hundred and eighty days; with probation for one year. For the charge of driving outside marked lanes, appellant was fined $25. The sentence was then stayed pending this appeal.
 {¶ 10} Appellant timely appeals and now raises the following assignment of error:
 {¶ 11} "The trial court erred in finding probable cause for defendant-appellant's arrest."
 {¶ 12} "Appellate review of a motion to suppress presents a mixed question of law and fact." State v. Korman, 11th Dist. No. 2004-L-064,2006-Ohio-1795, ¶ 12, citing State v. Bumside, 100 Ohio St.3d 152,2003-Ohio-5372, ¶ 8. "The appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence." Id., citing Burnside at ¶ 8, citing State v. Fanning (1982),1 Ohio St.3d 19. "Thereafter, the appellate court must independently determine whether those factual findings meet the requisite legal standard." Id., citing Burnside at ¶ 8, citing State v. McNamara (1997),124 Ohio App.3d 706.
 {¶ 13} Appellant argues that that the trial court erred in denying his motion to suppress or dismiss since there was no probable cause to arrest appellant for an OVI. Specifically, appellant argues that Patrolman Kopp's testimony of appellant's alleged erratic driving is not consistent with the videotape of the stop that the state admitted into *Page 5 
evidence at the hearing on the motion to suppress or dismiss. Appellant further argues that even if Patrolman Kopp's testimony is found credible, the facts do not support a finding of probable cause to arrest appellant for an OVI. We reject these contentions.
 {¶ 14} "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under influence." State v.Homan (2000), 89 Ohio St.3d 421, 427, citing Beck v. Ohio (1964), 379 U.S. 89, 91; State v. Timson (1974), 38 Ohio St. 2d 122, 127. In order to make this determination, we must examine the "totality" of facts and circumstances surrounding the arrest. Id. See State v. Miller (1997),117 Ohio App. 3d 750, 761; State v. Brandenburg (1987),41 Ohio App. 3d 109, 111.
 {¶ 15} At the hearing on the motion to suppress or dismiss, the state presented the evidence and testimony of Patrolman Kopp, who testified that when he encountered appellant's vehicle from behind he noticed appellant drive approximately six feet off the edge of the white line for a distance of about three feet. It was after observing this minor traffic violation that Patrolman Kopp activated the camera system. Although the videotape is of poor quality and filmed at around 3:45 a.m. in the dark of night, the videotape corroborates Patrolman Kopp's testimony in that it clearly shows appellant driving on the left and right markings in his lane of travel.
 {¶ 16} Although appellant takes issue with Patrolman Kopp's credibility, we defer to the trial court with respect to these findings of fact since the "trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses." State v. Tripi, 11th Dist. Nos. 2005-L-030 and 2005-L-031, *Page 6 2006-Ohio-1687, ¶ 21, citing State v. Mills (1992), 62 Ohio St.3d 357,366; State v. Smith (1991), 61 Ohio St.3d 284, 288. Moreover, appellant chose to rest after the state presented its case in chief and offered no evidence or testimony to rebut Patrolman Kopp's testimony.
 {¶ 17} We agree with the trial court, who in denying appellant's motion, found that "[t]he officer stated that he observed the Defendant commit a lane violation and described the violation in his testimony. A portion of the violation was demonstrated on the videotape admitted into evidence."
 {¶ 18} It is well established that "a traffic violation, standing alone, constitutes probable cause for an officer to stop a vehicle to investigate the violation itself." Korman at ¶ 17. "The Supreme Court of Ohio has held that `[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaged in more nefarious criminal activity.'" Id. at ¶ 18, citing Dayton v.Erickson (1996), 76 Ohio St.3d 3, syllabus. Thus, probable cause, or at least a reasonable suspicion was established when appellant committed a lane violation by driving outside of marked lanes.
 {¶ 19} Once Patrolman Kopp pulled appellant over to the side of the road, he had to knock on appellant's window in order for appellant to respond and roll down his window, which appellant initially rolled down only a few inches. After which, Patrolman Kopp had to clarify his request so that appellant would roll his window fully down. At that moment, Patrolman Kopp testified that he smelled the odor of alcohol emanating from the vehicle and that appellant was disheveled, his pants were unbuckled, and his *Page 7 
eyes were bloodshot and glassy. Furthermore, amidst appellant's refusals to perform field sobriety tests, he admitted to drinking "three drinks of alcohol." Appellant then became argumentative and refused to step out of the vehicle until another officer was called to the scene. When appellant did step out of the vehicle, Patrolman Kopp observed the odor of alcohol emanating from his person. In addition, he observed appellant swaying while standing in front of the patrol car.
 {¶ 20} "This court has consistently held that a police officer's observations of a strong odor of alcohol; blood shot and glassy eyes; and slurred speech can form the basis of [a] police officer's probable cause to arrest for DUI." Tripi at ¶ 24, citing State v. Hancock, 11th Dist. No. 2004-A-0046, 2005-Ohio-4478, ¶ 17; State v. Rendina (Dec. 23, 1999), 11th Dist. No. 98-L-129, 1999 Ohio App. LEXIS 6269, 16-17. Further, "a defendant's refusal to take a field sobriety test may be taken into account when determining whether the police had probable cause to effectuate an arrest." Id., citing Hancock at ¶ 17. See, also,State v. Molk, 11th Dist. No. 2001-L-146, 2002-Ohio-6926.
 {¶ 21} In State v. Djisheff, 11th Dist. No. 2005-T-0001,2006-Ohio-6201, we found that the trial court incorrectly considered evidence of the appellant's speech since the officer could not testify as to whether it was slurred or understandable. However, we still found that "the high rate of speed, the odor of an alcoholic beverage, and appellant's admission that he had been drinking," were sufficient factors, standing alone, to warrant "a prudent person to believe appellant was driving his vehicle under the influence of alcohol." Thus, with less facts than the case at bar, we found that under the totality of the circumstances, probable cause existed for the appellant's arrest. Id. at ¶ 38. *Page 8 
 {¶ 22} In State v. Homan, the Supreme Court of Ohio found that probable cause existed when considering almost identical factors to these presented here. The Supreme Court disregarded the field sobriety tests since they were not conducted in strict compliance with the testing requirements. Nonetheless, the Supreme Court upheld the finding of probable cause, stating: "Prior to stopping appellee's vehicle, Trooper Worcester observed erratic driving on the part of appellee. Upon stopping appellee's vehicle, he observed that appellee's eyes were `red and glassy' and that her breath smelled of alcohol. Appellee admitted to the arresting officer that she had been consuming alcoholic beverages. The totality of these facts and circumstances amply supports Trooper Worcester's decision to place appellee under arrest." Id. at 427.
 {¶ 23} Moreover, appellant's reliance on State v. Brown,166 Ohio App. 3d 638, 2006-Ohio-1172, where we found the Second Appellate District Court's holding in State v. Beagle, 2d Dist. No. 2002-CA-59, 2003-Ohio-4331, persuasive is not applicable to the facts presented in this case. Specifically, in Beagle, the Second District found there was insufficient probable cause to arrest the appellant for an OVI since appellant had no trouble exiting his vehicle or walking to the officer, lacked any slurred or mumbled speech, had a lack of any bloodshot or red eyes, his clothes were neither soiled nor disorderly, he had no difficulty producing his license, made no unusual statements or actions, and used no vulgar or abusive language. Beagle at ¶ 39. Furthermore, the court disregarded the fact that the appellant admitted to the officer that he had "three shots of Jack." The court stated: "The record does not reflect what `three shots of Jack,' may have been." Id. at ¶ 38. Thus, the court held that there existed only a reasonable suspicion that the appellant was driving under the influence. Therefore, appellant's *Page 9 
motion to suppress should have been granted as the officer did not have probable cause to arrest the appellant.
 {¶ 24} In Brown, we found Beagle persuasive in that the facts taken in their totality rose only to the level of a reasonable suspicion. As inBeagle, the facts of that case are distinguishable from the present case. Specifically, we found that there was "no evidence submitted as to any erratic driving such as weaving, swerving, and/or driving left-of center. Again, upon approaching appellant's vehicle, Trooper Golias noticed a strong odor of alcohol, indicated that appellant's eyes were glassy and bloodshot, and that appellant fumbled through cards and papers, dropped his wallet on his lap, and after locating his license, dropped it on the seat." Most importantly, "[a]ppellant did not admit that he consumed seven beers until after his arrest." Brown at ¶ 29.
 {¶ 25} In this case, however, appellant did not follow the officer's direction to exit the vehicle and a strong odor of alcohol emitted from his vehicle and his person. He was observed swaying while standing behind his vehicle and he admitted to drinking three "alcoholic" beverages. His appearance was disheveled, his pants were unbuckled, his eyes were bloodshot and glassy, and he became argumentative and would not step out of the vehicle until another officer arrived at the scene. Considering the foregoing facts in their totality, sufficient probable cause existed for Patrolman Kopp *Page 10 
to believe that appellant was driving under the influence at the time of the arrest.
 {¶ 26} Appellant's assignment of error is without merit and is overruled. The judgment of the Willoughby Municipal Court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.
[1] Village Ordinance 333.01(A)(1) is analogous to R.C.4511.19(A)(1)(a), which provides: "[n]o person shall operate any vehicle * * *, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them. *Page 1