OPINION *Page 2 
{¶ 1} Defendant-Appellant Dennis M. Loveridge ("Loveridge") appeals from the August 1, 2006 Judgment Entry of the Marion Municipal Court, Marion County Ohio, finding him guilty of Operating a Vehicle under the Influence of Alcohol in violation of Ohio Revised Code Section4511.19(A)(1)(a) and guilty of the offense of Left of Center in violation of Ohio Revised Code Section 4511.25.
 {¶ 2} These charges stem from events occurring on November 6, 2005 in Marion County. On this date, Loveridge was driving east on Barks Road and Deputy Brian Brown ("Brown") of the Marion County Sheriffs Department was driving behind Loveridge. At approximately 1:41 a.m. Brown initiated a traffic stop of Loveridge after observing Loveridge travel left of center three separate times. When Brown approached Loveridge's vehicle, he noticed an odor of alcohol and observed that Loveridge's eyes were glassy. Brown then conducted three field sobriety tests: the horizontal gaze nystagmus test ("HGN"), the one-leg-stand test and the walk and turn test. Based upon the results of these tests and his observations, Brown placed Loveridge under arrest.
 {¶ 3} Loveridge was charged with Operating a Vehicle under the Influence of Alcohol in violation of R.C. 4511.19(A)(1)(a) and with the offense of Left of Center in violation of R.C. 4511.25. On November 16, 2005 Loveridge entered a written plea of not guilty to these offenses. On December 2, 2005 Loveridge filed *Page 3 
a motion to suppress the evidence seized as a result of the traffic stop, the field sobriety tests and the arrest. In support of his motion, Loveridge argued that the officer did not have reasonable, articulable suspicion to stop him and to perform standardized field sobriety testing. Furthermore, Loveridge argued that the officer failed to administer the field sobriety tests in substantial compliance with the proper procedures and therefore, lacked probable cause to arrest him.
 {¶ 4} Loveridge's motion to suppress came before the court for an evidentiary hearing on January 19, 2006. On February 27, 2006 the trial court denied Loveridge's motion to suppress and held that Brown had substantially complied with National Highway Traffic Safety Administration ("NHTSA") procedures and that no evidence was presented to demonstrate how Loveridge was prejudiced by Brown's administration of the field sobriety tests. Accordingly, the trial court held that Brown had probable cause to arrest Loveridge. As Loveridge had previously waived his right to a jury trial, this matter proceeded to a trial to the court on July 13, 2006. On July 17, 2006 Loveridge filed a renewed motion to suppress the HGN test, but this motion was denied by the trial court.
 {¶ 5} In its August 1, 2006 Judgment Entry, the trial court found Loveridge guilty of the charges Left of Center violation and Operating a Vehicle While Intoxicated. The trial court sentenced Loveridge to a fine of $35.00 for the Left of Center violation. For the charge of Operating a Vehicle While Intoxicated, *Page 4 
the trial court sentenced Loveridge to 30 days in jail and a fine of $1,000.00, with 27 days of the jail time and $600.00 of the fine suspended on the condition that Loveridge obey the laws of the State of Ohio for one year and that he attend and complete a court approved Jail Alternate Program and any follow-up counseling ordered. Additionally the trial court suspended Loveridge's driver's license for six months, beginning on November 6, 2005.
 {¶ 6} Loveridge now appeals, asserting four assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO SUPPRESS OR IN LIMINE AND BY ALLOWING INTO EVIDENCE WHERE THE WEIGHT OF THE EVIDENCE INDICATED THAT THE HGN FIELD SOBRIETY TEST WAS NOT IN STRICT NOR SUBSTANTIAL COMPLIANCE WITH THE REGULATIONS PROMULGAED (SIC) BY THE OHIO DEPARTMENT OF HEALTH.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED DEFENDANT'S PRETRIAL MOTIONS TO SUPPRESS.
 ASSIGNMENT OF ERROR NO. 3 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO STATE ON RECORD ITS ESSENTIAL FACTUAL FINDINGS WHEN IT OVERRULED DEFENDANT'S MOTIONS TO SUPPRESS THE FIELD SOBRIETY TESTS AND AGAIN WHEN IT FOUND DEFENDANT GUILTY. *Page 5 
 ASSIGNMENT OF ERROR NO. 4 THE TRIAL COURT ABUSED ITS DISCRETAION (SIC) WHEN IT FOUND DEFENDANT GUILTY OF OMVI, AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 7} Initially, we note that the Appellate Rules state: "if an appellee fails to file his brief within the time provided by these rules, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C); State v. Young, 3rd Dist. No. 13-03-52, 2004-Ohio-540. In the instant case the appellee, the State of Ohio, failed to submit a brief to this court. Accordingly, we elect to accept the statement of facts and issues of Loveridge, the appellant, as correct pursuant to App.R. 18(C).
 {¶ 8} Additionally, for ease of discussion, we elect to address Loveridge's first two assignments of error together. In his first two assignments of error, Loveridge alleges that the trial court erred and abused its discretion when it denied his motion to suppress and motion in limine and allowed the results of the HGN field sobriety test into evidence when Officer Brown did not substantially comply with the NHTSA regulations when conducting the HGN test.
 {¶ 9} When ruling on a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and *Page 6 
the weight to be given the evidence presented. State v. Johnson (2000),137 Ohio App.3d 847, 850, 739 N.E.2d 1249. Appellate review of a motion to suppress involves mixed questions of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 713 N.E.2d 1. A reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings. State v. Martinez, 3rd Dist. No. 13-04-09, 2006-Ohio-2002 citing State v.Hapney 4th Dist. Nos. 01CA30, 01CA31, 2002-Ohio-3250. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. Id.
 {¶ 10} In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in substantial compliance, rather than strict compliance, with standardized testing procedures. Strongsville v. Troutman, 8th Dist. No. 88218, 2007-Ohio-1310 at ¶ 22 citing R.C.4511.19; State v. Schmitt (2004), 101 Ohio St.3d 79, 82,801 N.E.2d 446.[1] R.C. 4511.19(D)(4)(b) governs the introduction of the results of field sobriety tests in criminal prosecutions and provides as follows:
 In any criminal prosecution . . . for a violation of division (A) or (B) of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol . . . or of a municipal *Page 7 ordinance relating to operating a vehicle with a prohibited concentration of alcohol. . . if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:
 (i) The officer may testify concerning the results of the field sobriety test so administered.
 (ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution . . .
 (iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate. (Emphasis added).
 {¶ 11} In response to a motion to suppress regarding field sobriety tests in a driving under the influence ("DUI") case, the state must show the requisite level of compliance with accepted testing standards.[2]State v. Jimenez, 12th Dist. No. CA2006-01-005, 2007-Ohio-1658 citing State v. Schmitt, supra. Typically, the standards used are those from the NHTSA. Id. at ¶ 12. Part of the state's burden "includes demonstrating what the NHTSA requirements are, through competent testimony and/or introducing the applicable portions of the NHTSA manual." *Page 8 State v. Djisheff, 11th Dist. No. 2005-T-0001,2006-Ohio-6201 citing State v. Brown, 11th Dist. No. 2004-T-0123, 2006-Ohio-1172. HGN test results are admissible in Ohio without expert testimony so long as the proper foundation has been shown both as to the administering officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test. State v. Boczar, 113 Ohio St.3d 148, 153,863 N.E.2d 155. (Emphasis added.)
 {¶ 12} In the present case Loveridge argues that the trial court abused its discretion by allowing the results of the HGN test into evidence when Brown did not substantially comply with the NHTSA regulations. Upon a reading of Loveridge's brief, we find that Loveridge's argument reasonably supports a reversal for the following reasons.
 {¶ 13} At the January 19, 2006 suppression hearing, the State presented the testimony of Deputy Brown. Brown testified that he pulled Loveridge over after observing him drive left of center three times. Upon approaching Loveridge's vehicle, Brown testified that he smelled a light odor of alcoholic beverage and observed that Loveridge's eyes were glassy. Brown then had Loveridge perform field sobriety tests, starting with the HGN test. *Page 9 
 {¶ 14} Brown testified that he was certified to perform the HGN test and that he was trained in the proper procedures for administering this test.[3] Brown testified that he observed nystagmus in both of Loveridge's eyes after holding the pen at 12 to 15 inches at maximum deviation for about four seconds. Brown testified that although he sometimes does the horizontal gaze/maximum deviation test twice, he stated that "each case is a little different, but with this case I only did it once." Brown also testified that he had Loveridge perform the "45 degree test" but did not recall if he administered the test once or twice. Finally, Brown testified that he administered the "smooth pursuit test" where he watched Loveridge eyes track the tip of a pen and observed nystagmus in both eyes. Brown testified that it takes each eye approximately two seconds to go out and back when following the pen.
 {¶ 15} On cross-examination Brown admitted that he did not repeat the HGN tests twice and may have just done them once. Additionally, Brown was unfamiliar with the proper procedure which states that an officer shall perform each test twice on each eye and could not recall if he followed that procedure. Brown also could not remember the exact instructions he gave to Loveridge prior to the HGN test and did not recall whether he even gave the proper instructions. When asked if he completed any of the required three steps or stages to check *Page 10 
Loveridge's eyes before administering the HGN test, Brown did not know what Loveridge's attorney was talking about. Eventually, Brown admitted that he did not recall if he checked Loveridge's eyes to see if they were equally dilated or if they followed smoothly before administering the maximum deviation portion of the HGN test. Furthermore, in administering the "smooth pursuit test" Brown admitted that it took him longer than the two seconds specified in the manual to bring the pen out to the left and back to the center.
 {¶ 16} On appeal, Loveridge argues that the manual states that an officer shall repeat each procedure twice with each eye for each of the three tests (smooth pursuit, distinct nystagmus as near deviation and onset at 45), that an officer shall check the right and left eye twice, and that the officer must give the proper instructions on how the accused should perform each specific test.
 {¶ 17} We note that the issues raised by Loveridge in the instant appeal are similar to issues previously addressed by the Fifth, Sixth, and Eleventh appellate districts. In State v. Ryan, 5th
Dist. No. 02-CA-00095, 2003-Ohio-2803, the appellant was stopped for speeding, given field sobriety tests and arrested for DUI. The trooper acknowledged that he failed to perform the HGN test in strict compliance with the NHTSA manual and did not remember some of the specifics of the testing procedure. Additionally, the State did not introduce the NHTSA manual at the hearing on appellant's motion to suppress. Although the trial court *Page 11 
did not accept the HGN test, it relied on the trooper's testimony without the actual NHTSA manual in denying the motion. However, on appeal, the Fifth District noted that although the trooper testified regarding his certification to administer the tests, he failed to testify as to the standardized requirements of the NHTSA guidelines. The court held that "the State therefore failed in its burden as to the evidence required to oppose the motion to suppress and that the burden had not shifted to appellant to establish the standardized manner of conducting such tests as required by the NHTSA by impeaching the trooper. By placing this burden on appellant, he was required by impeachment or introduction of the NHTSA manual to carry the burden required of the State." Id. at ¶ 21.
 {¶ 18} In State v. Nickelson (July 21, 2001), 6th Dist. No. H-00-036, unreported, 2001 WL 1028878, the appellant was arrested for DUI. He pled not guilty and later moved to suppress the evidence against him on the grounds that his stop and arrest were unconstitutional. After a hearing, the trial court granted the appellant's motion to suppress regarding the walk-and-turn test because the police officer did not demonstrate that test for him. However, appellant's motion to suppress was denied in all other respects. On appeal, the appellant argued that the trial court erred by failing to suppress all field sobriety tests due to the fact that they were not properly administered as the police officer did not perform them in a *Page 12 
standardized manner and in conformity with the NHTSA manual. The Sixth District agreed with appellant and stated as follows:
 Appellant's motion [to suppress] and memorandum were enough to shift the burden to appellee to demonstrate that, in this instance, the field sobriety tests were conducted properly. * * * Appellee did not carry this burden at the hearing. While appellee introduced testimony of officers as to which tests were conducted and how they were conducted, it did not introduce any evidence to prove that the tests were conducted in a standardized manner as provided by the National Highway Traffic Safety Administration. No witness testified as to these guidelines, and the manual itself was not admitted. Because appellee did not prove that the field sobriety tests were conducted in accordance with the manual, the results of the field sobriety tests should have been suppressed. See State v. Homan (2000), 89 Ohio St.3d 421, 732 N.E.2d 952.
 {¶ 19} Finally, in State v. Brown (2006), 166 Ohio App.3d 638,852 N.E.2d 1228, the Eleventh District agreed with the rationale of the Fifth and Sixth Districts when it held that although the State introduced testimony of the trooper as to which tests were conducted and how they were administered, it failed to produce any evidence to prove that the tests were conducted in a standardized manner as provided by the NHTSA and did not admit the manual. Id. at 644. Specifically, the Eleventh District held:
 Trooper Golias's testimony that he conducted the field sobriety tests in conformity with the manner and procedures with which he was taught is not the same as testifying that he administered the tests in substantial compliance with the guidelines set forth in the NHTSA manual. Trooper Golias failed to testify regarding the standardized requirements. *Page 13 
Thus, pursuant to Ryan and Nickelson, because appellee failed to prove that the field sobriety tests were conducted in substantial compliance with the NHTSA manual, the Eleventh District held that the results of Brown's field sobriety tests should have been suppressed. Id.
 {¶ 20} Based upon the testimony presented at the suppression hearing in the present case and our review of Ryan, Nickelson, andBrown, supra, we find that because Officer Brown did not do the preliminary tests (of checking for equal pupil size and equal tracking), did not test each eye twice, did not use the proper measures of time and did not know what specific instructions he gave to Loveridge prior to administering the tests, that the HGN tests were not administered in substantial compliance with the NHTSA standardized testing procedures and therefore should have been suppressed. Therefore, we find that trial court erred in overruling Loveridge's motions to suppress and motions in limine and by allowing the results of the HGN test into evidence at trial.
 {¶ 21} Based upon our disposition of Loveridge's first and second assignments of error, his third and fourth assignments of error are moot, and we decline to address them. See App.R. 12(C).
 {¶ 22} Accordingly, the August 1, 2006 Judgment Entry of the Marion County Municipal Court is reversed as to finding Loveridge guilty on the charge of Operating a Vehicle While Intoxicated and affirmed as to finding Loveridge *Page 14 
guilty of a Left of Center violation. This cause is remanded for further proceedings consistent with opinion.
Judgment affirmed in part and reversed in part. Cause remanded.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] State v. Schmitt recognized that the General Assembly amended R.C.4511.19 (see Am. Sub. S.B. No. 163), so that an arresting officer no longer must have administered field sobriety tests in strict compliance with testing standards for the test results to be admissible at trial. Rather, the officer may now testify regarding the results of a field sobriety test administered in substantial compliance with testing standards. See State v. Haneberg, 9th Dist. No. 06CA0048-M, 2007-Ohio-2561 at ¶ 7. (Emphasis added).
[2] We note that R.C. 4511.19 was amended on January 1, 2004, replacing the language of DUI (driving under the influence) with OVI (operating a vehicle under the influence). See 2002 Ohio Laws File 184 (S.B. 123), effective January 1, 2004. See also State v. Green
8th Dist. No. 88234, 2007-Ohio-1713, ¶ 32-34. However, we note that the elements of R.C. 4511.19(A)(1)(a) did not change.
[3] The NHTSA manual was not admitted into evidence at the suppression hearing. *Page 1