OPINION
{¶ 1} Defendant-appellant, Michael Flowers, appeals from a Mahoning County Court No. 3 judgment overruling his motion to suppress evidence obtained after a traffic stop and used to prove that he was driving under the influence.
 {¶ 2} Shortly after nine o'clock p.m. on February 11, 2006, appellant was driving in Smith Township when Officer Paul Ceresna initiated a traffic stop. Officer Ceresna saw that appellant's rear license plate was not illuminated. Additionally, he observed appellant drive left of center three times. And he noticed that appellant stopped at an intersection for a prolonged amount of time. Upon stopping appellant, Officer Ceresna smelled an odor of alcohol about appellant, observed that appellant had bloodshot eyes, and noticed that appellant's speech was slurred. Officer Ceresna ordered appellant out of his car to perform standardized field sobriety tests including the horizontal gaze nystagmus (HGN) test, the one-legged stand, and the walk-and-turn. He stated that appellant's performance on these tests indicated that appellant was impaired. Consequently, Officer Ceresna arrested appellant for operating a motor vehicle while intoxicated (OVI).
{¶ ?} Officer Ceresna transported appellant to the Alliance Police Department. There, Officer Aaron Perkins administered a breathalyzer test to appellant. Appellant blew a .224 on the test, significantly over the legal limit.
 {¶ 4} Officer Ceresna charged appellant with OVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1), operating a vehicle with a breath-alcohol level above .170, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(h), and a license plate light violation, a minor misdemeanor in violation of R.C. 4313.05.
 {¶ 5} Appellant filed a motion to suppress evidence of his performance on the field sobriety tests, his breathalyzer test results, statements he made, and Officer Ceresna's observations. In his motion, appellant contended that there was no lawful cause to stop him and no probable cause to arrest him.
 {¶ 6} The court held a hearing on appellant's motion where it heard testimony from Officer Ceresna and Officer Perkins. The trial court denied *Page 2 
appellant's motion. It concluded that Officer Ceresna had probable cause to effectuate an arrest of appellant for an OVI violation and that Officer Perkins substantially complied with the National Highway Traffic Safety Administration (NHTSA) requirements in administering the breathalyzer test.
 {¶ 7} Appellant subsequently entered a plea of no contest to OVI in violation of R.C. 4511.19(A)(1). Plaintiff-appellee, the State of Ohio, dismissed the remaining two counts. The court found appellant guilty. It sentenced him to 180 days in jail with 174 days suspended, a $250 fine plus costs, 12 months reporting probation, and a 180-day license suspension. The trial court stayed appellant's sentence pending this appeal.
 {¶ 8} Appellant filed a timely notice of appeal on March 27, 2007.
 {¶ 9} Appellant raises two assignments of error. We will address his second assignment of error first as it is dispositive. Appellant's second assignment of error states:
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THERE WAS PROBABLE CAUSE TO MAKE AN ARREST."
 {¶ 11} Here appellant argues that Officer Ceresna did not have probable cause to arrest him. He points out that the trial court relied on the field sobriety test results in determining that Officer Ceresna had probable cause to arrest him. However, appellant contends the field sobriety test results should have been suppressed. Without those test results, appellant claims there was no probable cause to arrest him.
 {¶ 12} Appellant cites to State v. Brown, 166 Ohio App.3d 638,852 N.E.2d 1228, 2006-Ohio-1172, and State v. Beagle, 2d Dist. No. 2002-CA-59, 2003-Ohio-4331, for support. He points out that inBrown, the Eleventh District found that probable cause did not exist despite evidence of speeding, bloodshot eyes, and fumbling of a wallet and papers. And in Beagle, probable cause did not exist even when there was an admission of consumption, an odor of alcohol, crossing the right lane lines, and a near miss of a light post. *Page 3 
 {¶ 13} Appellant also points out that Officer Ceresna initially stopped him because his license plate was not illuminated. He contends that even though Officer Ceresna testified that appellant went left of center three times, Officer Ceresna did not cite him for this violation and did not introduce the video of this occurrence.
 {¶ 14} Our standard of review with respect to a motion to suppress is first limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996),116 Ohio App.3d 286, 288, 688 N.E.2d 9, citing Tallmadge v. McCoy (1994),96 Ohio App.3d 604, 608, 645 N.E.2d 802. Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Venham (1994), 96 Ohio App.3d 649, 653,645 N.E.2d 831. An appellate court accepts the trial court's factual findings and relies upon the trial court's ability to assess the witness's credibility, but independently determines, without deference to the trial court, whether the trial court applied the appropriate legal standard. State v. Rice (1998), 129 Ohio App.3d 91, 94, 717 N.E.2d 351. A trial court's decision on a motion to suppress will not be disturbed when it is supported by substantial credible evidence. Id.
 {¶ 15} The Ohio Supreme Court has defined probable cause to arrest for OVI as "whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Homan (2000),89 Ohio St.3d 421, 427, 732 N.E.2d 952 (Superseded by statute on other grounds as stated in R.C. 4511.19(D)(4)(b).) The totality of the facts and circumstances surrounding an OVI arrest can support a finding of probable cause to arrest even where no field sobriety tests were administered or where the test results must be excluded for lack of compliance with the NHTSA requirements. Id. When a trial court erroneously fails to suppress the results of field sobriety tests, if ample *Page 4 
evidence exists to support the arrest and conviction, this error is harmless. Village of Gates Mills v. Mace, 8th Dist. No. 84826,2005-Ohio-2191, at ¶ 29.
 {¶ 16} In addition to the evidence of appellant's failure on the field sobriety tests, Officer Ceresna also testified to the following indicators that appellant was under the influence of alcohol. While Officer Ceresna was following appellant, appellant drove left of center three times. (Tr. 5-6). Furthermore, appellant stopped at an intersection for a prolonged amount of time and took a prolonged amount of time to pull over. (Tr. 7). Appellant smelled of alcohol. (Tr. 6). Appellant's speech was "really slurred" and his eyes were bloodshot. (Tr. 6). And although appellant initially denied drinking, he eventually admitted to drinking four beers. (Tr. 6). Additionally, when Officer Ceresna asked appellant to produce his license, registration, and proof of insurance, appellant had to dig for his papers and was unable to give Officer Ceresna either his registration or insurance card. (Tr. 6).
 {¶ 17} In Beagle, the court admitted that the issue was close as to whether there was probable cause to arrest independent of the field sobriety tests. Beagle, 2d Dist. No. 2002-CA-59, at ¶ 38. The court found it significant that the defendant's eyes were not red or bloodshot and that his speech was not slurred. Id. at ¶ 39. It also found significant the fact that the defendant had no trouble producing his license when requested to do so. Id. And in Brown, the court found it important that there was no evidence of erratic driving such as weaving, swerving, or driving left of center. Brown, 166 Ohio App.3d at ¶ 29. These indicators of OVI were all present in appellant's case along with the other indicators listed above.
 {¶ 18} And the Ohio Supreme Court has found that where the evidence demonstrated that the defendant was driving erratically, the defendant had red and glassy eyes, the defendant's breath smelled of alcohol, and the defendant admitted to consuming alcohol, the totality of the circumstances supported the trooper's decision to arrest the defendant.Homan, 89 Ohio St.3d at 427.
 {¶ 19} Given the totality of the circumstances, competent, credible evidence existed independent from the field sobriety tests to establish probable cause to arrest *Page 5 
appellant for OVI. Accordingly, appellant's second assignment of error is without merit.
 {¶ 20} Appellant's first assignment of error states:
 {¶ 21} "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE STATE MET ITS BURDEN THAT THE FIELD SOBRIETY TESTS WERE CONDUCTED IN SUBSTANTIAL COMPLIANCE WITH THE NATIONAL HIGHWAY TRAFFIC ADMINISTRATION [sic] (NHTSA) MANUAL."
 {¶ 22} Appellant argues that appellee was required to, and failed to, establish the standardized manner of conducting the field sobriety tests. Therefore, appellant contends that the trial court should have suppressed Officer Ceresna's observations regarding his performance on the field sobriety tests.
 {¶ 23} This assignment of error is moot. Even if the trial court should have suppressed the results of appellant's field sobriety tests, this error would be harmless in light of the other evidence discussed above that established probable cause for his arrest.
 {¶ 24} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J. concurs.
 DeGenaro, P.J. concurs. *Page 1